H. Dean Steward  SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753
deansteward@fea.net

Attorney for Defendant
Lori Drew

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>            Plaintiff,<br><br>      vs.<br><br>LORI DREW,<br><br>            Defendant. | Case No. CR-08-582-GW<br><br>NOTICE OF MOTION; MOTION TO DISMISS INDICTMENT FOR VAGUENESS; POINTS AND AUTHORITIES; EXHIBIT<br><br>Date: Sept. 4, 2008<br>Time: 8:30 AM |

     TO: UNITED STATES ATTORNEY THOMAS O'BRIEN AND ASST. U.S

ATTORNEY MARK KRAUSE, please take notice that on September 4, 2008

at 8:30 AM, defendant, through counsel, will bring the attached

motion to dismiss the indictment in the courtroom of the Honorable

George Wu, United States District Judge, 312 N. Spring St.,

Courtroom 10, Los Angeles, California.


Dated: July 23, 2008          s./ H. Dean Steward
                              H. Dean Steward
                              Counsel for Defendant
                              Lori Drew

- 1 -

**TABLE OF CONTENTS**

Motion to Dismiss                                          4

Points and Authorities                                     5

    I. Background                                          5

    II. Facts                                              5

    III. The Law                                           6

        A. Government's Construction of the

           Statute is Wrong                           6

        B. Even if the Government's Construction

           Of the Statute is Correct, the Indictment

           Still Must Be Dismissed for Vagueness  7

           1. "Accessing"                             9

           2. "Unauthorized"                          10

           3. Arbitrary & Discriminatory

               Enforcement                            10

           4. Due Process/Notice                      11

    IV. Conclusion                                         12

    Exhibit "A"                                            13

    Proof of Service                                       14

**TABLE OF AUTHORITIES**

City of Chicago v. Morales 527 U.S. 41 (1999)     5, 10, 12

Hamling v. U.S. 418 U.S. 87 (1974)                    8

McBoyle v. U.S. 283 U.S. 25 (1931)                    8

Russell v. U.S. 369 U.S. 749 (1962)                   8

U.S. v. Resendez-Ponce 127 S.Ct. 782 (2007)           8

U.S. v. Mills 32 U.S. (7 Pet.) 138 (1833)             9

American Family Mut. Ins. Co. v. Rickman

     __ F.Supp. 2d __ 2008 WL 1805798 (N.D. Ohio 2008)   9

EF Cultural Travel BV v. Explorica 274 F.3d 577

     (1st Cir, 2001)                                  9

U.S. v. Cecil 608 F.2d 1294 (9th Cir. 1979)           8

U.S. v. Edmonds 103 F.3d 822 (9th Cir. 1996)          6

U.S. v. Keith 605 F.2d 462 (9th Cir. 1979)            8

U.S. v. Krasovich 819 F.2d 253 (9th Cir. 1987)        9

U.S. v. Sablan 92 F.3d 865 (9th Cir. 1996)            7

Other Authorities:

Statutes and Rules

18 USC §1030(a)(2)(C)                 5, 6, 8, 9, 10, 11

FRCP 12(b)                                            4

/

*Cybercrime's Scope: Interpreting "Access" and "Authorization" in Computer Use Statutes,* Kerr,

78 N.Y.U.L.Rev. 1596 (2003)                                      9, 11

**MOTION**

COMES NOW defendant Lori Drew, together with counsel, and moves this honorable court for an order dismissing the instant indictment pursuant to Federal Rules of Procedure 12(b). As set forth below, the indictment alleges no crime. In the alternative, it is vague and must be dismissed.

Dated: July 23, 2008
San Clemente, California    s./ H. Dean Steward
                            H. Dean Steward
                            Counsel for Defendant
                            Lori Drew

**POINTS AND AUTHORITIES**

I. BACKGROUND

In its 22-year history, the Computer Fraud and Abuse Act has never before been used to criminally punish the violation of a website Terms of Service.  The government's novel theory is that the statute prohibits the violation of essentially all Terms of Service [hereinafter TOS] that apply to essentially all computers connected to the Internet.

As a matter of statutory construction, the government's far-reaching argument is either right or wrong.  In either case, however, the indictment must be dismissed. If the government's statutory construction is wrong, the statute did not reach Lori Drew's conduct and the indictment must be dismissed because the crime has not been committed.  If the government's statutory construction is correct and the statute criminalizes violating a website TOS, then the statute is void for vagueness because it fails to provide warning of what is prohibited and ensures discriminatory enforcement under City of Chicago v. Morales 527 U.S. 41, 56 (1999).

II. FACTS

The government alleges that defendant violated the Computer Fraud and Abuse Act, 18 USC §1030(a)(2)(C) and (c)(2)(B)(ii) [hereinafter §1030]. According to the indictment, Ms. Drew conspired and did use a computer to gain information, such access having been unauthorized. The lack of authorization, under the government's theory, was that Ms. Drew and/or others violated the TOS in several ways. Ms. Drew also allegedly over-saw the creation

- 6 -

of a MySpace account for a fictitious boy called Josh Evans, and did so to "obtain information". The government also alleges that Ms. Drew had some role in the sending of a harsh e-mail to a 13 year old individual, one M.T.M., who then took her own life, apparently shortly after receiving the e-mail.

In any pre-trial challenge to the legal vitality of an indictment, the court in general must view the evidence most favorably for the government's case, and assume for purposes of analysis of the issue that the government can prove all facts alleged in the indictment. U.S. v. Edmonds 103 F.3d 822 (9th Cir. 1996).

While these facts must be assumed to be provable at trial for the limited purpose of this motion, the defense has and will critically dispute them.

III. THE LAW

A. *GOVERNMENT'S CONSTRUCTION OF THE STATUTE IS WRONG- NO CRIME HAS BEEN COMMITTED*

The government's construction of §1030 is wrong, in that the facts alleged in the indictment do not amount to a violation of §1030, giving the government their best view of those facts. The statute, in relevant part, has the following elements:

♦ intentionally accessing a computer

♦ without authorization or exceeds authorization

♦ and obtains information

♦ from a protected computer

♦ involving interstate or foreign commerce

- 7 -

1

2  The statute has not been violated by the conduct alleged in the

3  indictment.

4      The failures are the lack of facts alleged that, if proven,

5  would fulfill the government's obligation to prove an intentional

6  accessing, and unauthorized accessing. As the defense contends in a

7  companion motion to this one, the indictment alleges no facts

8  supporting the claim that Lori Drew and/or others intentionally

9  violated the TOS of MySpace. That is, it was their conscious object

10  to have violated the TOS.  This is a required element of §1030.

11  U.S. v. Sablan 92 F.3d 865 (9th Cir. 1996).

12      The indictment also fails to allege that Ms. Drew and/or her

13  co-conspirators were aware or had specific knowledge of the TOS for

14  the "unauthorized" element of the offense. By the government's

15  theory, defendant and others must intentionally access in an

16  unauthorized manner a protected computer. Unless some type of

17  strict liability is utilized, one must be aware of the TOS in order

18  to violate it and therefore be "unauthorized". Again, no such facts

19  are set out.

20      With no facts alleged on these two elements, the conduct that

21  is alleged is simply not criminal.

22      *B. EVEN IF THE GOVERNMENT'S CONSTRUCTION OF THE STATUTE IS*

23  *CORRECT, THE INDICTMENT STILL MUST BE DISMISSED FOR VAGUENESS*

24

25      "It is reasonable that a fair warning should be given

26      to the world in language that the common world

27

28

1    will understand, of what the law intends to do if a certain

2    line is passed. To make the warning fair, so far as

3    possible the line should be clear."

4

5    McBoyle v. U.S. 283 U.S. 25, 27 (1931), J. Holmes

6

7        An indictment must furnish the defendant with a sufficient

8    description of the charges against him to enable him to prepare his

9    defense, to ensure that the defendant is prosecuted on the basis of

10   facts presented to the grand jury, to enable him to plead jeopardy

11   against a later prosecution, and to inform the court of the facts

12   alleged so that it can determine the sufficiency of the charge.

13   Russell v. United States, 369 U.S. 749, 768 n. 15, (1962); U.S. v.

14   Resendez-Ponce 127 S.Ct. 782, 788 (2007); United States v. Keith

15   605 F.2d 462, 464 (9th Cir. 1979).

16       To perform these functions, the indictment must set forth the

17   elements of the offense charged and contain a statement of the

18   facts and circumstances that will inform the accused of the

19   specific offense with which he is charged. Hamling v. U.S. 418 U.S.

20   87 (1974); U.S. v. Cecil 608 F.2d 1294, 1296 (9th Cir. 1979).

21       The application of §1030 does not give the required "fair

22   warning". The terms in the statute are vague, and a reasonable

23   person could never know whether their conduct violates the statute.

24   When the stakes involve potential federal prison time, the need for

25   the "fair warning" is all the greater.

26       1. "ACCESSING"

27

28

1    Federal statutes do not define "access". §1030, despite having

2    a large definitional section, fails to define "access". The meaning

3    of the term is not clear.

4    For example, if one sends an e-mail to a server, wishing to

5    log on to a password protected computer, and that computer sends

6    back an access page, is that "access"? "This would not access the

7    computer from a virtual perspective. As it would be something like

8    walking up to a locked door but not yet trying the key."

9    *Cybercrime's Scope: Interpreting "Access" and "Authorization" in*

10   *Computer Use Statutes,* Kerr, 78 N.Y.U.L.Rev. 1596 (2003).[1]

11   It seems that different definitions can apply to different

12   factual scenarios. Courts have wrestled with the definition of

13   "access" in the computer world over the last few years. See, for

14   example, American Family Mut. Ins. Co. v. Rickman ___ F.Supp.2d

15   ___, 2008 WL 1805798, (N.D.Ohio, 2008), where the district court

16   examines, among other issues, "access" under the facts presented in

17   that case.

18   These uncertainties make the terms used in this indictment

19   vague. Any charging document must allege the offense or offenses

20   "with clearness, and all necessary certainty, to apprise the

21   accused of the crime with which he stands charged." U.S. v. Mills

22   32 U.S. (7 Pet.) 138, 142 (1833); U.S. v. Krasovich 819 F.2d 253,

23   254-55 (9th Cir. 1987). The indictment here fails this requirement.

24   *2. "UNAUTHORIZED"*

25

26   [1] Professor Orin Kerr's article examines, inter alia, the various
     approaches by different state and federal courts to the meaning of
27   "access". See p. 1616-1621. The definition of "without
     authorization", "has proven to be elusive." EF Cultural Travel BV
28   v. Explorica 274 F.3d 577,582 (1st Cir. 2001), n. 10.

Nowhere in the statute is the term "unauthorized" defined. The government claims that a violation of the TOS makes access unauthorized, and therefore criminal. Surely the government will concede that, standing alone, a violation of a TOS is not a criminal act. The government's theory in the indictment fails to set out how the next step, from TOS violation to §1030 criminal law violation, occurs.

Basing a lack of authorization on a violation of TOS presents multiple problems. Are *all* TOS violations enough to render the accessing unauthorized, or only material breaches? Must the terms of the TOS be reasonable? What if these terms are racist, illegal themselves or call for violence? Does the violation of such TOS's still render access unauthorized? These questions render the term "unauthorized" hopelessly vague.

### 3. ARBITRARY AND DISCRIMINATORY ENFORCEMENT

This statute is also impermissibly vague because it fails to establish standards for the police and public that are sufficient to guard against the arbitrary deprivation of liberty interests. City of Chicago v. Morales, supra. If the government's view of §1030 is correct, millions of Americans violate the statute every day, and may or may not be subjected to prosecution.

The government, in its zeal to charge Lori Drew with *something, anything*,[2] has tried to criminalize everyday, ordinary conduct: wayward or misuse of a social network Website. After this statute has been on the books 22 years, the government has chosen

---

[2]  Both the local prosecutors in St. Louis and the U.S. Attorneys Office in St. Louis looked at these facts and decided that no crime had been committed. See attached Exh. "A".

1  to indict only Lori Drew for this type of alleged conduct, proving

2  that this is arbitrary enforcement of §1030. The government's

3  interpretation of this statute "could potentially make millions of

4  Americans criminally liable for the way they send e-mails and surf

5  the Web." *Cybercrime's Scope: Interpreting "Access" and

6  "Authorization" in Computer Use Statutes,* <u>supra</u> at p. 1599.

7      The vagueness of the terms in the statute is what allows the

8  government to twist these facts to try to show a violation of

9  §1030.

10     *4. DUE PROCESS/NOTICE*

11     In today's world, it is difficult, if not impossible, for a

12  typical computer user to know whether or not he or she is in

13  compliance with detailed TOS such as MySpace. Like rental car

14  agreements, few if any people read them in the first place. Those

15  who do carefully review the TOS agreement are hard-pressed to

16  understand the terms without a law degree.

17     The problem is compounded by what the government's theory

18  tries to do here. They maintain that *any* violation of these

19  detailed TOS makes access to the site unauthorized, and therefore

20  criminal. This flatly violates any notion of due process under the

21  constitution, and thrusts most computer users into potential

22  criminal conduct. The government's theory is therefore both vague

23  and ripe for discriminatory enforcement. Either evil corrupts the

24  statute and requires dismissal of this indictment.

25  /

26  /

27

28
                                  - 12 -

IV. CONCLUSION

The conduct alleged in the indictment is not criminal. The government does not allege facts that, if proven, amount to a violation of §1030.

Even if the government's view of §1030 and these facts is correct, the indictment still must be dismissed. A fundamental purpose of a criminal law is to describe harmful conduct and then **clearly** and **directly** proscribe it. As set out above, vague terms "fail to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits." City of Chicago v. Morales, supra at p. 56.

The lack of criminal conduct and the vague terms of the indictment require dismissal.

Dated: July 23, 2008

San Clemente, California          s./ H. Dean Steward

                                   H. Dean Steward
                                   Counsel for Defendant
                                   Lori Drew

(Rev. 01-31-2003)

# FEDERAL BUREAU OF INVESTIGATION

Precedence:   ROUTINE                          Date:    03/21/2007

To:  St. Louis

From:  St. Louis
        Squad 8 / St. Charles RA
        Contact:  SA ▮▮▮▮▮▮▮▮▮▮▮▮▮

Approved By:  ▮▮▮▮▮▮▮▮▮▮▮▮▮

Drafted By:  ▮▮▮▮▮▮▮▮▮

Case ID #:  ▮▮▮▮▮▮▮▮▮▮▮

Title:  LORI DREW;
        ASHLEY GRILLS;
        ▮▮▮▮▮▮▮▮▮▮▮▮
        O'FALLON, MISSOURI;
        INTERNET EXTORTION/CYBER STALKING

Synopsis:  Close Case.

Details:  On 03/20/2007, SA ▮▮ met with AUSA ▮▮▮▮▮▮▮▮▮
regarding the captioned case.  During the meeting, it was decided
that the captioned case should be declined for federal
prosecution.

        In the opinion of AUSA ▮▮▮▮ and SA ▮▮▮ the captioned
case did not meet all the elements required with regards to the
two federal violations being considered.

        There are no out standing leads in this case and there
is no bulky evidence to return.

        St. Louis considers this case closed.

♦♦

080bcc02.ec

Exhibit "A"

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

I am not a party to the above entitled action. I have caused, on July 23, 2008, service of the defendant's:

**NOTICE OF MOTION; MOTION TO DISMISS; POINTS AND AUTHORITIES**

On the following parties electronically by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

**AUSA Mark Krause**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 23, 2008

H. Dean Steward

H. Dean Steward

14

- 1 -