H. Dean Steward  SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753
deansteward@fea.net

Attorney for Defendant
Lori Drew

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES, | Case No. CR-08-582-GW |
|---|---|
| Plaintiff, | NOTICE OF MOTION; MOTION TO DISMISS INDICTMENT FOR FAILURE TO STATE AN OFFENSE; POINTS AND AUTHORITIES; EXHIBIT |
| vs. | |
| LORI DREW, | |
| Defendant. | Date: Sept. 4, 2008<br>Time: 8:30 AM |

TO: UNITED STATES ATTORNEY THOMAS O'BRIEN AND ASST. U.S ATTORNEY MARK KRAUSE, please take notice that on September 4, 2008 at 8:30 AM, defendant, through counsel, will bring the attached motion to dismiss the indictment in the courtroom of the Honorable George Wu, United States District Judge, 312 N. Spring St., Courtroom 10, Los Angeles, California.

Dated: July 23, 2008          s./ H. Dean Steward
                              _____
                              H. Dean Steward
                              Counsel for Defendant
                              Lori Drew

- 1 -

**MOTION**

COMES NOW defendant Lori Drew, together with counsel, and moves this honorable court for an order dismissing the instant indictment pursuant to Federal Rules of Procedure 12(b). As set forth below, the indictment fails to state an offense as required by Federal Rules of Criminal Procedure 7(c)(1), and must be dismissed.

Dated: July 23, 2008
San Clemente, California    s./ H. Dean Steward
                                      H. Dean Steward
                                      Counsel for Defendant
                                      Lori Drew

**POINTS AND AUTHORITIES**

I. BACKGROUND

The indictment herein fails to allege facts on two elements of the charges that are required by Federal Rules of Criminal Procedure 7(c)(1). That Rule demands a "plain, concise, a definite written statement of the essential facts constituting the offense charged". The instant indictment fails to allege facts sufficient, if proven, to support the "intentionally" element and the "unauthorized" element in 18 USC §1030(a)(2)(C), the Computer Fraud and Abuse Act [hereinafter §1030].[1]

II. FACTS

According to the indictment, defendant Lori Drew and others in the St.Louis, Missouri area set about creating a MySpace social network on line personal profile in the Fall of 2006. The profile was of a teenage boy. The indictment further alleges that Ms. Drew and others set up the profile to gain information from one M.T.M., a teenager.

The profile was open for 29 days[2], during which time M.T.M. sent messages back and forth to the fictional person allegedly named "Josh Evans"[3]. Only on the last day, October 16, 2006, did any messages back and forth become heated, and M.T.M. soon thereafter took her own life. The messages came from a number of different

---

[1] The arguments presented here apply equally to all four counts: the conspiracy count and the three substantive counts.
[2] For 28 of those 29 days, nothing negative was communicated.
[3] The defense believes that at least two other persons and perhaps as many as four had the "Josh Evans" password and communicated to M.T.M. as "Josh Evans".

- 3 -

1 computers/people, and Lori Drew was not home at the time the last
2 messages were sent. See attached Exh. "A".
3     The facts in this matter are deeply in dispute, but for the
4 purposes of this motion, review is limited to the four corners of
5 the indictment. U.S. v. Edmonds 103 F.3d 822 (9th Cir. 1996).
6     The argument here focuses on the government's convoluted
7 theory that Ms. Drew and others intentionally accessed a protected
8 computer in an unauthorized manner. It would seem that the
9 government's theory is that any violation of the terms of service
10 [hereinafter TOS] of MySpace, no matter the severity, no matter the
11 type, makes the access to MySpace "unauthorized" and therefore
12 criminal under §1030. They go on to factually skip the
13 "intentional" part of the statute altogether, in alleging no facts
14 that if proven would satisfy this required element.
15 III. THE LAW- THE COMPUTER FRAUD AND ABUSE ACT DOES NOT APPLY TO
16 THESE FACTS
17     In ruling on a pre-trial motion to dismiss an indictment for
18 failure to state an offense, the district court is bound by the
19 four corners of the indictment. United States v. Jensen, 93 F.3d
20 667, 669 (9th Cir.1996); United States v. Caicedo, 47 F.3d 370, 371
21 (9th Cir.1995); United States v. Buckley, 689 F.2d 893, 897 (9th
22 Cir.1982). On a motion to dismiss an indictment for failure to
23 state an offense, the court must accept the truth of the
24 allegations in the indictment in analyzing whether a cognizable
25 offense has been charged. U.S. v. Jensen, supra at p. 669. The
26 indictment either states an offense or it doesn't, and if not, the
27 indictment or offending counts must be dismissed. U.S. v. Shipsey
28 363 F.3d 962, 965 (9th Cir. 2004), n. 1, (district court had

dismissed certain counts for failure to state an offense: missing factual allegations regarding a specific pension plan for 18 USC §664 violation).

The defense challenges the indictment as failing to state an offense under §1030. In relevant part, the statute has the following elements:

- **intentionally** accessing a computer
- **without authorization** or exceeds authorization
- and obtains information
- from a protected computer
- involving interstate or foreign commerce

[emphasis added]

The indictment here is akin to the one in U.S. v. Cecil 608 F.2d 1294 (9th Cir. 1979). In Cecil, the indictment tracked the language of the pertinent statutes in setting out the elements of the offense, but failed to allege "any other facts or circumstances pertaining to the conspiracy or any overt acts done in furtherance thereof." Id. at 1297. The Ninth Circuit reversed, holding:

> "In view of [the] deficiencies, we find that the Indictment fails to allege sufficient facts to facilitate the proper preparation of a defense and to ensure that the defendants were prosecuted on facts presented to the Grand Jury."

- 5 -

Id. at p. 1297

In the indictment at hand, two key factual allegations are missing, as set forth below.

**A. Intentionally**

The indictment alleges no facts supporting the claim that Lori Drew and/or others intentionally violated the TOS of MySpace. That is, it was their conscious objective to have violated the TOS. This is a required element of §1030. U.S. v. Sablan 92 F.3d 865 (9th Cir. 1996). The government charges:

> "Drew and co-conspirators…agreed with each other to intentionally access a computer…"

Indictment, page 5, line 21-24

But this is simply a recital of a required element of §1030, like the indictment in Cecil, supra. Where the indictment fails is the total lack of alleged **facts** on "intentionally", that if proven beyond a reasonable doubt, would cause a conviction under §1030. For example:

► Who among the conspirators read the TOS from MySpace?
► Who was aware of the TOS terms?
► When and where did this awareness occur?
► Did the conspirators discuss the TOS? Did *anyone* discuss the TOS terms?

► What facts support the allegation that Drew or the others intentionally accessed the computer with any clue at all what the TOS contained?

The closest the indictment comes to a factual allegation on intentional is:

> "A copy of the MySpace TOS was readily available to prospective members, members, and users of the website, who could click on a link titled 'Terms of Service' or 'Terms' to be directed to a web page where prospective members, members, and users of the website could review those rules."

Indictment, p. 4

But in order to establish the element of intentionally accessing, facts must be properly set out alleging the acts. The above passage from the indictment cannot be construed to allege an intentional act by defendant or any co-conspirators. These are not just minor facts to be adduced at trial. They are part of the elements of the offense. In order to prove an intentional accessing in an unauthorized manner, sufficient facts must be alleged in the indictment. They were not, and this indictment must be dismissed.

### B. Unauthorized

The indictment also fails to allege that Ms. Drew and/or her co-conspirators were aware or had specific knowledge of the TOS for the "unauthorized" element of the offense. By the government's

theory, defendant and others must intentionally access in an unauthorized manner a protected computer. Unless some type of strict liability is utilized, one must be aware of the TOS in order to violate it and therefore be "unauthorized".[4] Again, no such facts are set out, and the indictment must be dismissed.

## IV. THE LAMACCHIA CASE

The district court in U.S. v. LaMacchia 871 F.Supp 535 (D. Mass. 1994) considered a challenge from the defense remarkably similar to the issue presented here. The statute was different (wire fraud under 18 USC §1343), but the challenge was identical. The government tried to prosecute what amounted to a copyright infringement under the wire fraud statute. The LaMacchia case entailed the government's efforts to twist copyright infringement facts into a wire fraud indictment.

In dismissing the indictment, the court noted the issue to be, "…whether new wine can be poured into an old bottle" Id. at 536, and decided that it could not. The district court held that, "It is implausible to suppose that Congress intended to combat the problem of copyright infringement by the circuitous route hypothesized by the government…".

By the same logic, it is implausible to suppose that Congress intended to combat wrongful or wayward use of a social network site by its enactment of §1030.[5]

/

---

[4] Only the late cartoonist Rube Goldberg could have built a theory of criminal liability like the one the government has tried to craft here.
[5] It is important to note again that the defense solidly disputes many of the acts alleged in the indictment.

- 8 -

## IV. CONCLUSION

For the above reasons, required factual allegations are missing from the indictment. The facts here simply do not violate §1030, and these facts can never be shoe-horned into the Computer Fraud and Abuse Act. This indictment fails to adequately state an offense under §1030, and must be dismissed.

Dated: July 23, 2008
San Clemente, California        s./ H. Dean Steward
                                H. Dean Steward
                                Counsel for Defendant
                                Lori Drew

FD-302 (Rev. 10-6-95)

-1-

# FEDERAL BUREAU OF INVESTIGATION

Date of transcription  02/08/2007

Ashley Grills, a white female, date of birth ▬▬▬▬▬ Missouri.

After being advised of the identity of the interviewing Agent and the nature of the interview, Grills voluntarily provided the following information:

**Redacted**          **Redacted**

**Redacted**          **Redacted**

**Redacted**          **Redacted**

**Redacted**          **Redacted**

Investigation on  12/20/06  at  O'Fallon, Missouri

File # ▬▬▬▬▬                     Date dictated  12/20/06

by  SA Billy C. Cox   :hls

EXHIBIT "A"         FBI. It is the property of the FBI and is loaned to your agency;

FD-302a (Rev. 10-6-95)



Continuation of FD-302 of __Ashley Grills__ , On __12/20/06__ , Page __2__

**Redacted**          **Redacted**

                      **Redacted**
**Redacted**

**Redacted**
                      **Redacted**

**Redacted**          **Redacted**

**Redacted**          **Redacted**

**Redacted**          **Redacted**

FD-302a (Rev. 10-6-95)



Continuation of FD-302 of ___Ashley Grills_____ ,On _12/20/06_____ ,Page __3__

**Redacted**

**Redacted**

**Redacted**

    To the best of Grills' memory, the last few communications between herself and Meiers were something to the effect that she told Meiers the world would be a better place without her. Megan told Evans to stop talking to her. Grills agreed and told Megan not to hurt Dejay because Dejay hadn't done anything. Megan responded and said "whatever." Grills remembered somebody saying "have a nice rest of your life bitch" and believed it may have been Megan saying that to Dejay.

    After the conversation ended, Grills was convinced that everything was over between Megan and Evans. By the time the conversation was over Drew had come home and Grills briefed her about what had transpired between the individuals involved.

**Redacted**    **Redacted**

**Redacted**    **Redacted**

**Redacted**    **Redacted**

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

I am not a party to the above entitled action. I have caused, on July 23, 2008, service of the defendant's:

**NOTICE OF MOTION; MOTION TO DISMISS; POINTS AND AUTHORITIES-Exhibit**

On the following parties electronically by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

**AUSA Mark Krause**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 23, 2008

H. Dean Steward

H. Dean Steward

10

- 1 -