1  THOMAS P. O'BRIEN
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   MARK C. KRAUSE (SBN 198142)
4  Assistant United States Attorney
   Deputy Chief, Cyber and Intellectual
5  Property Crimes Section
        1200 United States Courthouse
6       312 North Spring Street
        Los Angeles, California  90012
7       Telephone:  (213) 894-3493
        Facsimile:  (213) 894-8601
8       E-mail:  mark.krause@usdoj.gov

9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

10

11                  UNITED STATES DISTRICT COURT

12            FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,        )   CR No. 08-582-GW
                                     )
14                  Plaintiff,       )
                                     )   GOVERNMENT'S MOTION IN LIMINE TO
15            v.                     )   EXCLUDE EVIDENCE AND ARGUMENT RE:
                                     )   DECLINATIONS
16  LORI DREW,                       )
                                     )   Hearing Date: October 8, 2008
17                  Defendant.       )   Hearing Time: 8:00 a.m.
                                     )
18                                   )
                                     )
19                                   )
                                     )
20  _____

21       Plaintiff United States of America hereby files a motion in

22  limine to exclude at the trial of defendant Lori Drew all evidence

23  and argument regarding declinations in this matter by the

24  St. Charles District Attorney's Office and the United States

25  Attorney's Office for the Eastern District of Missouri.

26

27

28

The motion is based on the attached memorandum of points and authorities, all the files and records of this case, and such other oral and written argument that is permitted by the Court.

Dated: September 22, 2008          Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

MARK C. KRAUSE
Assistant United States Attorney
Cyber and Intellectual Property Crimes
Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Defendant Lori Drew has been charged in the four count indictment with (1) conspiracy to access protected computers without authorization in violation of 18 U.S.C. § 371; and (2) unauthorized access to a protected computer to obtain information to further a tortious act in violation of 18 U.S.C. § 1030.  Trial in this matter has been scheduled for October 7, 2008.

By this motion, the government seeks to exclude argument or evidence related to the declinations of this case by the St. Charles District Attorney's Office and the United States Attorney's Office for the Eastern District of Missouri.  Those facts, and argument regarding those facts, are not relevant under Rule 401.  Testimony regarding the declinations likewise would be improper opinion testimony.  Even if those facts had some marginal relevance, the danger of confusion of the issues would substantially outweigh any probative value.

## II.   STATEMENT OF FACTS

As laid out in the government's other pre-trial submissions, defendant is charged with orchestrating a scheme to obtain information regarding victim M.T.M., a rival of defendant's daughter, by accessing computers belonging to MySpace without authorization and in excess of authorizations.  Specifically, defendant and her unindicted co-conspirators created a fake on-line identity belonging to a cute teenage boy under the fake name "Josh Evans."  Defendant and her co-schemers then contacted M.T.M. through the MySpace communication services.  Smitten with the attractive

1

"boy's" invitation to communicate, M.T.M. agreed to communicate with "him."

Although the initial communications were innocent enough, within days, defendant encouraged her co-schemers to flirt with M.T.M.  Defendant also discussed using the information obtained during the scheme to humiliate M.T.M. in the real world. Specifically, when it became clear that M.T.M. was attracted to "Josh Evans," defendant proposed that the co-conspirators lure M.T.M. to a mall where they would reveal that there was no "Josh Evans" and taunt M.T.M. with the contents of her MySpace page and information learned during the scheme.

On October 15, 2006, another girl in the neighborhood obtained the username and password for the "Josh Evans" account and sent M.T.M. a message suggesting that "Evans" did not want to be friends with M.T.M. anymore because M.T.M. was not nice to her friends. When the co-schemers resumed the on-line conversation the following day, the dispute escalated until a co-conspirator told M.T.M. that the world would be a better place without M.T.M. in it.  Distraught, M.T.M. hung herself in her bedroom closet.

When emergency crews responded to the M.T.M.'s residence, defendant instructed her co-conspirators to find out what had happened.  Upon learning that M.T.M. had attempted to commit suicide, defendant and her husband directed the co-conspirators to delete the MySpace account.

Following the suicide and the revelation of the fake MySpace account, the matter was investigated and presented for prosecution to the St. Charles District Attorney's Office and the United States Attorney's Office for the Eastern District of Missouri.  The

District Attorney for St. Charles County concluded that no state laws had been broken.  The United States Attorney's Office for the Eastern District of Missouri likewise declined prosecuting anyone for internet extortion or cyber stalking under 18 U.S.C. § 2261(a).

**III. ARGUMENT**

A.   TESTIMONY RELATED TO THE DECLINATIONS SHOULD BE EXCLUDED AS IRRELEVANT

"Evidence which is not relevant is not admissible."  Fed. R. Evid. 402.  Evidence is relevant only if it has "any tendency to make the existence of an element slightly more [or less] probable than it would be without the evidence."  Jackson v. Virginia, 443 U.S. 307, 320 (1979).  In other words, only evidence that is relevant to the elements of the charge against defendant, or to a legal defense, is admissible at trial.  See Fed. R. Evid. 402.  Although a defendant is entitled to confront witnesses and to present a defense, he has no right to present irrelevant evidence.  See Wood v. Alaska, 957 F.2d 1544, 1549 (9th Cir. 1992).[1]  The Court has discretion to determine which issues are relevant to the proceedings.  See id.

Evidence that neither negates an element of the charges against a defendant nor establishes a defense is not relevant.  Moreover, a court must exclude evidence when a defendant's offer of proof does not establish the elements of a defense.  See United States v. Wofford, 122 F.3d 787, 789-92 (9th Cir. 1997) (affirming district court's exclusion of evidence concerning proposed "justification"

---

[1] Even relevant evidence can be excluded under certain circumstances.  See, e.g., Fed. R. Evid. 403; see also Wood, 957 F.2d at 1549.

3

defense to § 922(g) prosecution); <u>United States v. Moreno</u>, 102 F.3d 994 (9th Cir. 1996) (affirming district court's grant of government' motion in limine to exclude evidence of duress); <u>United States v. Aguilar</u>, 883 F.2d 662, 693 (9th Cir. 1989) (affirming district court's grant of government's motion in limine to exclude evidence of necessity defense and stating that district court "must" grant motion if defendant's offer of proof is defective as a matter of law), <u>overruled on other grounds by statute</u>, <u>United States v. Gonzalez-Torres</u>, 273 F.3d 1181 (9th Cir. 2001).

Courts have frequently held that evidence regarding nonprosecutions or acquittals in criminal proceedings is irrelevant in subsequent proceedings related to the same conduct. <u>Krueger v. State Farm Fire and Cas. Co.</u>, 510 N.W.2d 204, 210 (Minn. App. 1993). For example, "[i]n the federal courts, it is reversible error to permit an insured seeking the proceeds of a fire insurance policy to present evidence of nonprosecution or acquittal on criminal arson charges." <u>Id.</u> (citing <u>Rabbon v. Great Southwest Fire Ins. Co.</u>, 818 F.2d 306, 309 (4th Cir. 1987); <u>Kelly's Auto Parts, No. 1 v. Boughton</u>, 809 F.2d 1247, 1253 (6th Cir. 1987); <u>Goffstein v. State Farm Fire & Cas. Co.</u>, 764 F.2d 522, 524 (8th Cir. 1985)). In <u>Kruger</u>, for example, a Minnesota Court of Appeals held that a trial court did not err when it allowed an insurance company to introduce evidence regarding a fire marshal's conclusion that a fire was likely intentionally started but precluded the plaintiff from rebutting that evidence with evidence that he was not prosecuted for arson. 510 N.W.2d at 210.

Facts related to the decisions not to charge defendant by the St. Charles District Attorney's Office and the US Attorney's Office

for the Eastern District of Missouri are irrelevant to determining whether the government has proven the crimes charged in the indictment.  Those facts have no bearing on any of the elements of the two offenses charged.  Accordingly, any evidence, testimony, or argument regarding the declinations would be irrelevant.[2]

B.   TESTIMONY REGARDING THE DECLINATIONS SHOULD BE EXCLUDED AS IMPROPER OPINION TESTIMONY

Courts have observed that declinations are, at best, personal opinions of prosecutors not based on personal knowledge.  Kelly's Auto Parts, 809 F.2d at 1253; Galbraith v. Hartford Ins. Co., 464 F.2d 225, 227-28 (3d Cir. 1972).  As a consequence, declinations are improper opinion testimony and should be excluded.  Id.

In Galbraith, for example, the Third Circuit held that evidence that no arson charges had been filed against an insured subsequent to a fire that damaged his home was inadmissible in a lawsuit brought to recover on an insurance policy.  It reasoned that "not all laymen are aware of the complexities inherent in a prosecutor's deliberations concerning whether or not to seek a grand jury indictment."  Id. at 227.  The testimony that the plaintiff had not been charged may have meant that (1) a decision had been reached that definitive proof beyond a reasonable doubt was lacking, (2) the investigative procedures were inconclusive, (3) the investigation was incomplete; or (4) a decision had been made that prosecutorial resources were too scarce.  Id. & at n.3.  At its "most relevant,

_____

[2]Questions regarding the declination also would likely be improper as soliciting improper hearsay.  Fed. R. Evid 802; United States v. Perez-Perez, Crim No. 93-271, 1993 WL 325030 (D.P.R. 1993) ("Contrary to judgments of conviction, which are admitted under Fed. Rule of Evid. 803, defendant had to recognize that evidence of prior acquittal [sic] is hearsay and should not be introduced in this federal proceedings [sic].").

1 non-prosecution may have meant that the prosecutor had investigated
2 the facts, considered them, and concluded from them that [the
3 plaintiff] had not committed arson." <u>Id.</u>  This, the court
4 concluded, would have only been an opinion not based on personal
5 knowledge and therefore inadmissible.  <u>Id.</u> at 228.

6     The same could be said of the situation here.  The declinations
7 were, at best, inadmissible opinions.  Testimony and argument
8 regarding them should be excluded.

9  C.   EVEN ASSUMING THE FACTS RELATED TO THE DECLINATIONS HAD SOME
        MARGINAL PROBATIVE VALUE, EVIDENCE AND ARGUMENT RELATED TO
10       THOSE FACTS SHOULD BE EXCLUDED UNDER RULE 403 BECAUSE THEIR
        PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY THEIR
11       PREJUDICIAL EFFECT

12     Even if the evidence had probative value, it is properly
13 excluded under Rule 403 of the Federal Rules of Evidence.  That rule
14 provides, in its pertinent part:

15          Although relevant, evidence may be excluded if
16          its probative value is substantially outweighed
17          by the danger of unfair prejudice, confusion of
18          the issues, or misleading the jury, or by
19          considerations of undue delay, waste of
20          time . . .

21 Fed. R. Evid. 403.  As previously explained, the probative value of
22 evidence showing a person was not charged is low as such a decision
23 could have been informed by a host of reasons unrelated to guilt or
24 innocence.  In addition, the probative value of such evidence is
25 substantially outweighed by its prejudicial effect.  <u>State Farm Mut.</u>
26 <u>Auto. Ins. Co. v. Midtown Meidcal Center, Inc.</u>, Slip op., 2007 WL
27 3224542 (E.D. Pa. Oct. 29, 2007); <u>see also</u> <u>United States v. Newton</u>,
28 326 F.3d 253, 261 (1st Cir. 2003) (observing that district court

excluded evidence of prior acquittal); <u>United States v. Marrero-Ortiz</u>, 160 F.3d 768, 775 (1st Cir. 1998) (evidence related to dismissal of state case inadmissible); <u>United States v. Smith</u>, 145 F.3d 458, 462 (1st Cir. 1998); <u>United States v. Jones</u>, 808 F.2d 561, 566 (7th Cir. 1986) (evidence regarding prior acquittal inadmissible); <u>United States v. Irvin</u>, 787 F.2d 1506, 1516-17 (11th Cir. 1986) (evidence regarding prior acquittals inadmissible).

The risk of confusion is particularly true in the instant case. Evidence suggesting that other jurisdictions did not prosecute defendant would be of minimal probative value because, as previously observed, those judgments have no relevance to any of the elements of the offenses charged in this case and may be informed by a host of other calculations.  It is also particularly true because Missouri law is not at issue, nor is internet extortion or cyber stalking under 18 U.S.C. § 2261(a).  By contrast, the risk of prejudice is high because it would likely invite speculation about legal theories that were not pursued, thereby increasing the risk of confusing and misleading the jury and prejudicing the government. The evidence, therefore, is properly excluded under Rule 403.

## IV.   CONCLUSION

For all the foregoing reasons, the Court should grant the government's motion in limine and exclude all evidence and argument related to the declinations by the St. Charles District Attorney's Office and the united States Attorney's Office for the Eastern District of Missouri.

Dated: September 22, 2008    Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

_____
MARK C. KRAUSE
Assistant United States Attorney
Cyber and Intellectual Property Crimes
Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA