H. Dean Steward  SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753
deansteward@fea.net

Orin S. Kerr
Dist. of Columbia BN 980287
2000 H. Street NW
Washington, DC 20052
202-994-4775
Fax 202-994-5654
okerr@gwu.edu

Attorneys for Defendant
Lori Drew

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES, | Case No. CR-08-582-GW |
|---|---|
| Plaintiff, | CONSOLIDATED RESPONSE TO GOVERNMENT IN LIMINE MOTIONS |
| vs. | |
| LORI DREW, | |
| Defendant. | |

Comes now defendant, together with counsel, and responds to the government's two in limine motions as follows.

Oct. 27, 2008        s./ H. Dean Steward
                    H. Dean Steward
                    Orin Kerr
                    Counsel for Defendant
                    Lori Drew

- 1 -

**I. EVIDENCE RE: PROSECUTION DECISIONS THAT THE FACTS HERE DO NOT CONSTITUTE A CRIME**

In November and December of 2007, chief local prosecutor Jack Banas in St. Charles, Missouri conducted an investigation of the facts alleged in the instant indictment. Mr. Banas, after interviewing witnesses, reviewing reports and reviewing Missouri state law, concluded that *no crime had been committed.*[1] This is an important distinction from a simple declination to prosecute. A declination to prosecute could be for a number of reasons: evidence not strong enough; witness problems; statute of limitations problems, etc. Here, after careful review of these very facts, Mr. Banas concluded that no crime had been committed.

In turn, the U.S. Attorneys Office for the Eastern District of Missouri also examined these facts. These federal prosecutors had the advantage of the work of the same expert in computer forensics, Brian Mize, who the government now intends to use at trial. After the federal prosecutors studied review of these same facts, they came to the conclusion that *no federal crime had been committed.* [See Ex. "A", the FBI 302 report detailing that conclusion]. Again, it was not that the federal prosecutors "passed" on the case, but rather that they affirmatively found that under federal law, no crime had been committed.

---

[1] *St. Louis Post Dispatch*, 12-3-2007.

The defense agrees with the government that the evidence outlined above is not admissible in the defense case in chief. However, it may well be admissible in cross-examination. For example, both FBI Agent Billy Cox from St. Louis (author of the FBI 302 report attached), and expert Mize are expected to testify at trial.

The defense asks the Court to withhold ruling on the admissibility of this evidence pending trial. The defense will not elicit the testimony or evidence in its case in chief, and will consult with the Court and counsel before going into it, if it appears that the door has been opened for cross-examination on the subject.

**II. DEFENDANT'S PRE-INDICTMENT STATEMENTS**

The heart of the government's concern about statements made by Lori Drew prior to indictment comes from their own failed attempt to "set up" and entrap Ms. Drew.

On January 3, 2007, agents from the FBI set up monitoring and taping equipment to record a call they were going to instigate to Ms. Drew. They enlisted the help of M.T.M.'s mother, Tina Meier. Ms. Meier agreed to call Lori Drew, feign an interest in the truth of what happened, and try to get Ms. Drew to somehow incriminate herself.

The scheme back-fired- Lori Drew, in the one hour set-up call, was truthful and candid. She explained what really happened, as seen in these highlights:

1  • TM [Tina Meier]: "I thought I would be in the car for awhile and
2  I thought I wanted to give you a call and see and just kind of hear
3  your side of the story so that I could hear everybody's side and
4  get a feel for everything."
5  LD [Lori Drew]: "I am happy. This has been clearly [unt] and all
6  we want to do is talk to you. [unt] I would love to meet with you
7  Tina. I really would."
8  
9  *******
10  • LD: "And I am very upset about the whole situation too. Because
11  [unt] you would call me when you were ready."
12  TM: "Right."
13  LD: "And I mean, I am very, very glad to hear from you. It's been a
14  horrible situation for you guys and I know it is very difficult
15  that I am more than willing to sit down with you and [unt] (CUT
16  OFF)."
17  
18  *******
19  • LD: "And everything just got totally out of control and we
20  didn't know about it until after the fact. Tina if I had known
21  anything that was going on you know I would have come to you."
22  *******
23  • TM: "So, when [M.T.M.] passed away or that night at the hospital
24  and all those things, you had no clue that when…"
25  LD: [unt]
26  
27  TM: "Huh?"
28  LD: "I was not even home."

- 4 -

It's not surprising that the government now seeks to exclude this tape. It's is more than a simple statement, for example, to FBI agents. Here, Ms. Drew had no idea that the FBI was trying to set her up. She had no idea the conversation was being monitored and recorded. She thought she was speaking as one mother to another, and one neighbor to another.

The statement, because of the way it was taken, has the ring of truth. None of the cases cited by the government approach these facts.

The defense agrees that this statement cannot substitute for Ms. Drew's testimony. However, it is admissible, under several circumstances:

A. Should the defendant testify- Under Federal Rules of Evidence 801(d)(1)(B), after any witness testifies, their prior consistent statement may be admitted "to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive…". If Ms. Drew takes the witness stand, government counsel will surely at least imply that her testimony is a fabrication, opening the door for use of this taped conversation and other pre-indictment statements by Ms. Drew.

B. Cross examination of Tina Meier- for among other things:

   1. the attempt to set Ms. Drew up (bias)

   2. Meier's false statements in the tape (FRE 403,608)

As with the evidence of the prosecution decisions that the facts here do not constitute a crime, above, the defense asks the

Court to withhold ruling on this issue until it arises during trial. The defense will not seek to introduce the tape and other statements until the Court and all counsel have reviewed the state of the evidence at the time the issue arises.

Dated: Oct. 28, 2008          s./ H. Dean Steward

                                        H. Dean Steward
                                        Orin Kerr
                                        Counsel for Defendant
                                        Lori Drew

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

    I am not a party to the above entitled action. I have caused, on Oct. 28, 2008, 2008, service of the defendant's:

**Responses to Govt. In Limine Motions**

On the following parties electronically by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

**AUSA Mark Krause**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on Oct. 28, 2008

H. Dean Steward

H. Dean Steward

(Rev. 01-31-2003)

# FEDERAL BUREAU OF INVESTIGATION

Precedence: ROUTINE  Date: 03/21/2007

To: St. Louis

From: St. Louis
      Squad 8 / St. Charles RA
      Contact: SA Billy C. Cox, ▉▉▉▉▉▉▉

Approved By: Blades Thomas L Jr

Drafted By: Cox Billy C : bcc

Case ID #: ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Title: LORI DREW;
       ASHLEY GRILLS;
       MEGAN MEIER - VICTIM;
       O'FALLON, MISSOURI;
       INTERNET EXTORTION/CYBER STALKING

Synopsis: Close Case.

Details: On 03/20/2007, SA Cox met with AUSA ▉▉▉▉▉▉▉ regarding the captioned case. During the meeting, it was decided that the captioned case should be declined for federal prosecution.

In the opinion of AUSA ▉▉▉▉▉ and SA Cox, the captioned case did not meet all the elements required with regards to the two federal violations being considered.

There are no out standing leads in this case and there is no bulky evidence to return.

St. Louis considers this case closed.

♦♦

080bcc02.ec