H. Dean Steward
107 Avenida Miramar
Ste. C
San Clemente, CA 92672
949-481-4900
Fax 949-496-6753
deansteward@fea.net

Orin Kerr
Dist. of Columbia Bar # 980287
2000 H. Street NW
Washington, DC  20052
202-994-4775
okerr@gwu.edu

Attorneys for Defendant
Lori Drew

UNITED STATES DISTRICT COURT

CENTAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | ) Case No. CR-08-582-GW |
| | ) |
|         Plaintiff, | ) MOTION IN LIMINE TO EXCLUDE |
| | ) EVIDENCE- SUICIDE/DEATH OF |
|    vs. | ) M.T.M. |
| | ) |
| LORI DREW, | ) |
| | ) |
|         Defendant | ) |
| | ) |

     Comes now defendant, Lori Drew, together with counsel, and

moves this honorable Court in limine for an order excluding from

evidence the suicide/death of M.T.M. Said motion is based on the

attached points and authorities.

Dated: Nov. 2, 2008          s./ H. Dean Steward

                                   H. Dean Steward
                                   Orin Kerr
                                   Counsel for Defendant
                                   Lori Drew

1

1
2
3
4

**POINTS AND AUTHORITIES**

5
6

I. INTRODUCTION

7

    The government must concede that their entire motivation

8

for bringing the instant indictment is an attempt to punish Lori

9

Drew for the death of M.T.M. As tragic as that death was, it was

10

and is unrelated to the Computer Fraud and Abuse Act charges

11

brought herein, and as set forth below, should be excluded from

12

this trial.

13

II. EVIDENCE OF THE SUICIDE/DEATH OF M.T.M. SHOULD BE EXCLUDED

14

BECAUSE IT IS IRRELEVANT- NOT AN ELEMENT OF THE CRIMES CHARGED

15

    Because the parties have heavily litigated issues directly

16

17

related to 18 USC section 1030(a)(2)(C), the elements are clear

18

and well known:

19

♦    intentionally accessing a computer

20

♦    without authorization or exceeds authorization

21

22

♦    and obtains information

23

♦    from a protected computer

24

♦    involving interstate or foreign commerce

25

26

♦    [the (c)(2)(B)(ii) portion]- offense was committed

27

        in furtherance of any crime or tortious act

28

Nowhere in that section (or any portion of section 1030) is

there an element close to or approaching the fact of the suicide

of M.T.M.

Evidence is not relevant if there is no connection between

the evidence and the issues of the case or material facts at

issue. U.S. v. Westbrook 125 F.3d 996 (7th Cir. 1997). The

suicide of M.T.M. is simply irrelevant under Federal Rules of

Evidence 402 and 403.

III. EVIDENCE OF THE SUICIDE/DEATH SHOULD BE EXCLUDED BECAUSE IT

IS HIGHLY CHARGED EMOTIONALLY, AND IS HIGHLY PREJUDICIAL

Any relevance of this evidence must be weighed against the

potential for serious prejudice. Federal Rules of Evidence 403.

The Rule 403 weighing process- that of balancing the probative

value of the proffered evidence against its potential for unfair

prejudice or confusion of issues- is primarily for the district

court to perform. U.S. v. Layton 767 F.2d 549, 553 (9th Cir.

1985); U.S. v. Rincon 28 F.3d 921, 925 (9th Cir. 1994), cert

denied 513 U.S. 1029 (1994).

It is important to remember that defendant is charged under

the Computer Fraud and Abuse Act. A death of any kind is not an

element of the offense, nor should it be presented to the trier

of fact. It is highly prejudicial and inflammatory. The

government will seek to admit the suicide/death for the sole

purpose of seeking sympathy, pity, and perhaps even outrage.

They will then attempt to parlay these emotions into a conviction, contra to clear case law precedent and fundamental fairness.

In U.S. v. Bradley 5 F.3d 1317 (9th Cir. 1994), the defendant was charged with felon in possession of a firearm. The prosecution successfully entered into evidence a separate homicide. The Ninth Circuit reversed the conviction, finding that the homicide was of "dubious value". Id. at p. 1321:

"Our review of the record leads us to conclude

that the trial judge abused his discretion in admitting

the evidence of the  … homicide."

Id. at p. 1320

The Ninth Circuit has been very cautious in the area of the admission of inflammatory evidence with marginal or no connection to the issues in the case. U.S. v. Bland 908 F.2d 471 (9th Cir. 1990), (details of murder inadmissible); U.S. v. Layton supra, (unduly prejudicial tape recordings of multiple suicides, conviction reversed); U.S. v. Ellis 147 F.3d 1131, 1136 (9th Cir. 1998), (defendant charged with receiving and concealing stolen explosives- trial court allowed evidence of the destructive capability of the stolen explosives- reversed: evidence was "unfairly prejudicial and had virtually no probative value *to the actual charges Ellis faced.*" [emphasis added]). Accord: U.S. v. Merriweather 78 F.3d 1070 (6th Cir. 1996), (taped

conversations relating to uncharged conspiracy were more substantially prejudicial than probative and should not have been admitted, conviction reversed).

Certainly, few events could arouse sympathy, passion and sorrow as rapidly and as deeply as the death of a teenager, under *any* circumstances. Here, there is the added pathos of a suicide, and a young life cut short.

These concerns, however, are not at issue in this case. They are not elements of the charged offenses. They should not come before the trier of fact.

IV. CONCLUSION- THIS CASE IS NOT ABOUT WHAT HAPPENED TO M.T.M.

As set out in previous defense motions, this case revolves around the use of section 1030. The government, in its zeal to punish Lori Drew, has here attempted a startling expansion of the prosecution's ability to use section 1030 to charge virtually any computer user, should they be so inclined. This is an expansion of section 1030's criminal reach *beyond anything ever intended by Congress* in enacting section 1030.

As part of a one-two punch, the government will try to not only expand 1030's reach in dramatic and unprecedented fashion, but will also try obtain a conviction on emotionally charged and

/

/

highly prejudicial evidence. This suicide/death evidence is just

not relevant to these charges.

　　　For all the above reasons, the M.T.M. suicide/death must be

excluded from trial.

Dated: Nov. 2, 2008　　　　　　　s./ H. Dean Steward

　　　　　　　　　　　　　　　　　H. Dean Steward
　　　　　　　　　　　　　　　　　Orin Kerr
　　　　　　　　　　　　　　　　　Counsel for Defendant
　　　　　　　　　　　　　　　　　Lori Drew

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

    I am not a party to the above entitled action. I have caused, on Nov. 2, 2008, service of the defendant's:

**Motion in Limine**

On the following parties, electronically, by iling the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party:

**AUSA MARK KRAUSE**


I declare under penalty of perjury that the foregoing is true and correct.

Executed on Nov. 2, 2008 at San Clemente, California.

s./ H. Dean Steward

H. Dean Steward