H. Dean Steward  SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753
**deansteward@fea.net**

Orin S. Kerr
Dist. of Columbia BN 980287
2000 H. Street NW
Washington, DC 20052
202-994-4775
Fax 202-994-5654
okerr@gwu.edu


Attorneys for Defendant
Lori Drew

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | Case No. CR-08-582-GW |
| Plaintiff, | DEFENDANT'S PROPOSED JURY INSTRUCTIONS |
| vs. | [Annotated] |
| LORI DREW, | |
| Defendant. | |

     Comes now defendant, together with counsel, and submits the
following proposed jury instructions.


Dated: Nov. 12, 2008        s./ H. Dean Steward
                            H. Dean Steward
                            Orin Kerr
                            Counsel for Defendant

- 1 -

COURT'S INSTRUCTION # ____

Defense Instruction # 1


    Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of conspiracy and accessing a protected computeer to obtain information, and aiding and abetting, unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

Ninth Circuit Pattern Instruction-6.9 MERE PRESENCE

2008 Ed. [Internet version]

- 2 -

COURT'S INSTRUCTION #___

Defense Instruction #2


You must not infer that the defendant was guilty of participating in criminal conduct merely from the fact that she associated with other people who were guilty of wrongdoing.

Ramirez v. U.S. 363 F.2d 33 (9th Cir. 1966)

- 3 -

1
                    COURT'S INSTRUCTION  #____

2                    Defense Instruction #3

3

4        The defendant is on trial only for the crimes charged in the

5   indictment, not for any other activities.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   Ninth Circuit Pattern Instruction- 3.11 Activities Not Charged

28   2008 Ed. [Internet version]

                              - 4 -

COURT'S INSTRUCTION  #____

Defense Instruction #4

      In connection with your evaluation of the credibility of
witnesses, you should specifically consider evidence of resentment
or anger which some government witnesses may have toward the
defendant.

      Evidence that a witness is biased, prejudiced or hostile
toward the defendant requires you to view that witness' testimony
with caution, to weigh it with care, and to subject it to close and
searching scrutiny.

U.S. v. Tousand 619 F.2d 810 (9th Cir. 1980); U.S. v. Hoyos 573 f.2d
111 (9th Cir. 1978)

COURT'S INSTRUCTION #____

Defense Instruction Number 5


You have heard the testimony of several law enforcement officials. The fact that a witness may be employed in law enforcement does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

U.S. v. Bethancourt 65 f.3d 1074 (3rd cir. 1995), cert denied 516 U.S. 1153 (1996); Bush v. U.S. 375 f.2d 602 (DC Cir. 1967);

- 6 -

COURT'S INSTRUCTION #____

Defense Instruction #6

     You have heard evidence that Bonnie King, a government witness, has been convicted of a felony. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give the testimony of that witness.

Ninth Circuit Pattern Instruction- 4.8  Impeachment Evidence-Witness

2008 Ed. [Internet version]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION #____

Defendant's Instruction #7

You have heard evidence of the defendant's character for truthfulness. In deciding this case, you should consider that evidence together with and in the same manner as all the other evidence in the case.

Ninth Circuit Pattern Instruction-  4.4  Character of Defendant

COURT'S INSTRUCTION #____

Defendant's Instruction #8


Unauthorized access is access that is gained by using a computer command or computer program in a way unrelated to its intended function.

United States v. Morris, 928 F.2d 504, 510 (2d Cir. 1991); United States v. Phillips, 477 F.3d 215, 219-220 (5th Cir. 2007).

- 9 -

COURT'S INSTRUCTION #____

Defense Instruction #9


    The term "exceeds authorized access" means to access a computer with authorization and to use such access to obtain or alter information in the computer that the computer user is not entitled so to obtain or alter.

    Fraud or misrepresentation does not exceed authorized access to a computer if it merely induces access to the computer.  Fraud or misrepresentation can only exceed authorization if it misrepresents the essential character of the access.

18 U.S.C. § 1030(e)(6); <u>Theofel v. Farey-Jones</u>, 341 F.3d 978, 983 (9th Cir. 2003).

- 10 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION #____

Defendant's Instruction #10

The "involvement" of an interstate communication in the scheme is an essential element of the offense of accessing a computer without authorization or in excess of authorization.

The government must prove that the defendant personally transmitted a communication in interstate commerce in the course of accessing the computer without authorization or exceeding authorized access.

18 U.S.C. § 1030(a)(2)(C).

- 11 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION #____

Defense Instruction #11


In order for defendant's purpose to be to further a tortious act, the government must show that the defendant's conscious object was to further that tortious act.

2A O'Malley, Grenig & Lee, <u>Federal Jury Practice Instructions</u>, p. 225, § 42.06 (5th Ed. 2000); S. Rep. No. 99-432, at 6 (1986), reprinted in 1986 U.S.C.C.A.N. 2479. 2484.

- 12 -

COURT'S INSTRUCTION #____

Defendant's Instruction #12


The defendant's conduct must be more than simply malicious or intentional.  The conduct must have been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

Thornburg v. Federal Express Corp., 62 S.W.3d 421, 428 (Mo. App. W.D. 2001); Gibson v. Brewer, 952 S.W.2d 239, 249  (Mo. 1997).

- 13 -

COURT'S INSTRUCTION #____

Defendant's Instruction #13

Use of a computer in violation of a Term of Service does not make access to that computer without authorization or in excess of authorization.

COURT'S INSTRUCTION #____

Defense Instruction #14

    The requirement that the defendant "intentionally" access or exceed authorized access to a computer requires a clear intent by the defendant to enter, without proper authorization, computer files or data belonging to another.  "Intentional" means more than that one voluntarily engaged in conduct or caused a result.  Such conduct or the causing of the result must have been the person's conscious objective.

2A O'Malley, Grenig & Lee, <u>Federal Jury Practice Instructions</u>, p. 225, § 42.06 (5th Ed. 2000); S. Rep. No. 99-432, at 6 (1986), reprinted in 1986 U.S.C.C.A.N. 2479. 2484.

- 15 -

**CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

I am not a party to the above entitled action. I have caused, on Nov. 12, 2008, service of the defendant's:

**DEFENSE JURY INSTRUCTIONS**

On the following parties electronically by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

**AUSA MARK KRAUSE**

**AUSA-LA**


I declare under penalty of perjury that the foregoing is true and correct.

Executed on NOV. 12, 2008

H. Dean Steward

H. Dean Steward