H. Dean Steward  SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753
deansteward@fea.net

Orin S. Kerr
Dist. of Columbia BN 980287
2000 H. Street NW
Washington, DC 20052
202-994-4775
Fax 202-994-5654
okerr@gwu.edu

Attorneys for Defendant
Lori Drew

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>      Plaintiff,<br><br>   vs.<br><br>LORI DREW,<br><br>      Defendant. | Case No. CR-08-582-GW<br><br>RULE 29 MOTION FOR JUDGEMENT OF ACQUITTAL |

Comes now defendant, together with counsel, and moves this Court under Rule 29 of the federal Rules of Criminal Procedure, for a judgment of acquittal on all counts. The following material supplements this motion, also made orally in open court.

Dated: Nov. 23, 2008      s./ H. Dean Steward
                                                    H. Dean Steward
                                                    Orin Kerr
                                                    Counsel for Defendant Drew

- 1 -

I. STANDARD OF REVIEW

The standard of review for a Rule 29 motion is to view the evidence presented against the defendant "in the light most favorable to the government to determine whether ' any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " U.S. v. Fretter 31 F.3d 783 (9th Cir. 1994), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979).

II. INTENT

It is essential to remember the government's theory of the case.  The defendant is on trial for intentionally violating MySpace's Terms of Service.  The government's theory of the case is that intentionally violating a website Terms of Service is a federal misdemeanor violation of 18 U.S.C. 1030(a)(2)(C), and that this misdemeanor becomes a felony when it is undertaken in furtherance of the tort of intentional infliction of emotional distress.

Incredibly, however, the government has offered no evidence whatsoever that the defendant or any of the alleged co-conspirators intentionally violated MySpace's Terms of Service. Neither the defendant nor any co-conspirator ever read or discussed MySpace's Terms of Service [partial RT Grills testimony, 32-33]. And without having read MySpace's Terms of Service, it was impossible for the defendant to know of the exact Terms of Service that the defendant might have "intentionally" violated.  Here, it is essential to realize that in order to violate a Terms of Service intentionally, a person must have actual knowledge of the *exact term* and then make it her conscious object to violate it.  A guess

that conduct *might* violate a Term of Service is insufficient. Further, even knowledge that conduct violates a Term of Service is insufficient.  To violate the Terms of Service intentionally, it must be the conscious object -- the actual goal of the conduct -- to violate them.  See Model Penal Code §2.02 (distinguishing intentional conduct from mere knowing conduct).  And it is simple logic that you cannot have a conscious object to violate Terms that you do not even know with certainty exist.

This is equally true under the conspiracy count.  For the defendant to be guilty of engaging in a conspiracy to intentionally violate Terms of Service, it must be the object of the conspiracy to violate the Terms of Service.  But the government doesn't even claim that the purpose of the conspiracy was to violate MySpace's Terms of Service. The government's theory is that the goal of the conspiracy was to inflict emotional distress on MTM, but that is facially insufficient:
To support a conspiracy charge, the goal of the conspiracy -- the aim that the co-conspirators attempted to achieve -- must be to violate a specific MySpace Term of Service.

Evidence that the defendant urged the deletion of the MySpace account is completely irrelevant to the question before the Court. The government argues that Drew urged the deletion of the MySpace account because she realized that she had done something wrong by violating the Terms of Service.  But this is simply bizarre. M.T.M. had committed suicide, and Drew logically feared that the account could connect Grills and her to the suicide.  As Drew learned, the connection to the suicide would trigger extraordinary

public approbation. The public outcry and attention to this case has nothing to do with the outcry over the Terms of Service: Drew has not received hate mail and threats by people furious that she violated MySpace's Terms of Service. To put it simply, it is completely absurd to think that Drew acted as she did because she feared that it might be revealed that she violated the Terms of Service of a website.

III. CONCLUSION

For the reasons above and the argument made in open court, the defense asks this Court to dismiss all four counts under Rule 29, F.R.C.P.

Dated: Nov. 23, 2008       <u>s./ H. Dean Steward</u>
                           H. Dean Steward
                           Orin Kerr
                           Counsel for Defendant Drew

- 4 -

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

I am not a party to the above entitled action. I have caused, on Nov. 23, 2008, service of the defendant's:

**RULE 29 MOTION**

On the following parties electronically by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

**AUSA MARK KRAUSE- LA**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on NOV. 23, 2008

H. Dean Steward

H. Dean Steward