IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA )
)
Plaintiff, )
)
v. )
) No. CR 08-0582
)
LORI DREW, )
)
Defendant. )
_____ )

FILED
CLERK, U.S. DISTRICT COURT
NOV 26 2008
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## JURY INSTRUCTIONS

### A. INTRODUCTORY INSTRUCTIONS

**1.** Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.
  It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.
  In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**2.** The four charges against the Defendant Lori Drew are contained in the indictment which was read to you at the start of the trial. The indictment is simply the description of the charges made by the Government against the Defendant. It is not evidence of anything. The Defendant has pleaded not guilty to those charges. The Defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The Government has the burden of proving every element of the charges beyond a reasonable doubt.

1

**3.** A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

**4.** Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the Government prove guilt beyond all possible doubt.
    A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.
    If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the Defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant guilty.

**5.** The evidence from which you are to decide what the facts are consists of:
    1. the sworn testimony of any witness;
    2. the exhibits which have been received into evidence; and
    3. any facts to which all the lawyers have stipulated.

**6.** In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:
    1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.
    2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.
    3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.
    4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**7.** Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find

2

another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**8.**     In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.
   In considering the testimony of any witness, you may take into account:
1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case and any bias or prejudice;
5. whether other evidence contradicted the witness's testimony;
6. the reasonableness of the witness's testimony in light of all the evidence; and
7. any other factors that bear on believability.
   The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**9.**     You are here only to determine whether the Defendant is guilty or not guilty of the four charges in the indictment. Your determination must be made only from the evidence in the case. The Defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the Defendant, only as they relate to the charges against this Defendant that are contained in the indictment.

   During this trial, you have heard testimony that Megan Meier committed suicide in the fall of 2006. Lori Drew is *not* charged with causing that suicide and it would be wrong to convict the Defendant simply because of feelings of sympathy towards Megan Meier and her family as a result of the suicide.
   Megan Meier's suicide has been the subject of some testimony only because you may determine, but are not required or obligated to determine, that such evidence is relevant to your conclusion as to whether or not the Government has met its burden of proving all of the elements of the crimes with which she is charged beyond a reasonable doubt. You should review this evidence in the same unbiased and impartial way as you would any other testimony offered by either side in this case. Please recall that, at the beginning of this trial, you took an oath to be fair and impartial to both sides in this case. No matter what you may think of such evidence, you must still abide by that oath and comply with your duty to follow the law as I will instruct you. And again, I now instruct you that the Defendant is presumed innocent of the charges against her and the Government bears the burden of proof on each of the elements of the offenses charged.

**10.**    A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict

on any other count.

**11.** You have heard testimony that the Defendant made certain statements outside of and before this trial. As to each such statement, it is for you to decide: 1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

**12.** You have heard testimony from Ashley Grills, a witness who has received a grant of immunity from the Government. That testimony was given in exchange for a promise by the government that the witness will not be prosecuted.
  For this reason, in evaluating Ms. Grills' testimony, you should consider the extent to which or whether her testimony may have been influenced by this factor. In addition, you should examine her testimony with greater caution than that of other witnesses.

**13.** You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.
  Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.
  If there has been testimony from one expert which conflicts with the testimony of another, you should weigh each opinion against the others. You should examine the reasons given for each opinion and the facts and other matters on which each expert has relied. You may also compare the experts' qualifications.

**14.** You have heard the testimony of witnesses who are law enforcement officials. The fact that a witness may be employed in a law enforcement capacity does not mean that his or her testimony is necessarily more or less important or credible than that of any other witness.

### B. INSTRUCTIONS AS TO THE CRIMES CHARGED

**15.** 18 U.S.C. §§ 1030(a)(2)(C) and 1030(c)(2)(B)(ii) state that: "Whoever intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains information from any protected computer (if the conduct involved an interstate or foreign communication)" is guilty of a felony if "the offense was committed in furtherance of any criminal or tortuous act in violation of the Constitution or laws of the United States or of any State . . . ."

**16.** The Defendant is charged in Count One of the indictment with conspiring to violate 18 U.S.C. §§ 1030(a)(2)(C) and 1030(c)(2)(B)(ii) in violation of Section 371 of Title 18 of the United States Code. In order for Defendant to be found guilty of that

conspiracy charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, beginning in or about September 2006 and ending on or about October 16, 2006, there was an agreement between two or more persons to commit a violation of 18 U.S.C. §§ 1030(a)(2)(C) and 1030 (c)(2)(B)(ii);

Second, the Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.
A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

**17.** A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out

at least one of the objects of the conspiracy,
    (2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and
    (3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.
    It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

**18.** Once a person becomes a member of a conspiracy, that person remains a member until that person withdraws from it. One may withdraw by doing acts which are inconsistent with the purpose of the conspiracy and by making reasonable efforts to tell the co-conspirators about those acts. You may consider any definite, positive step that shows that the conspirator is no longer a member of the conspiracy to be evidence of withdrawal.
    The government has the burden of proving that the defendant did not withdraw from the conspiracy before the overt act—on which you all agreed—was committed by some member of the conspiracy.

**19.** To prove the existence of a conspiracy or an illegal agreement, the Government is not required to produce a written contract between the co-conspirators or even produce evidence of an express oral agreement spelling out all of the details of the criminal partnership. The Government is also not required to show that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the indictment.
    However, unless the Government proves beyond a reasonable doubt that a conspiracy, as described in these instructions, actually existed, you must acquit the Defendant and find her not guilty as to Count One.

**20.** Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.
    Therefore, you may find the defendant guilty of accessing a computer without authorization or in excess of authorization as charged in any of Counts Two through Four of the indictment if the Government has proved each of the following elements beyond a reasonable doubt:
    1.    a person committed the crime of accessing a computer without authorization or in excess of authorization as alleged in Counts Two through Four;
    2.    that person was a member of the conspiracy charged in Count One of the indictment;

      3.      that person intentionally accessed the computer without authorization or in excess of authorization in furtherance of the conspiracy;

      4.      the Defendant was a member of the same conspiracy at the time the offense charged in Counts Two through Four was committed; and

      5.      the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

**21.** The Defendant is charged in Counts Two, Three and Four of the indictment with obtaining computer information from a protected computer in violation of Section 1030(a)(2)(C) and 1030(c)(2)(B)(ii) of Title 18 of the United States Code on or about September 20, 2006 (Count Two), September 26, 2006 (Count Three), and October 16, 2006 (Count Four). In order for the Defendant to be found guilty of each or any of those charges, the Government must prove each of the following elements beyond a reasonable doubt:

      First, the Defendant intentionally accessed without authorization or exceeded authorized access of a computer;

      Second, the Defendant's access of that computer involved an interstate or foreign communication;

      Third, by accessing without authorization or exceeding authorized access to a computer, the Defendant obtained information from a computer used in interstate or foreign commerce or communication; and

      Fourth, the accessing of the protected computer without authorization or in excess of authorization was committed in furtherance of a tortious act, here the tort of intentional infliction of emotional distress.

      As used in this instruction:

1) The word "intentionally" in the phrase "intentionally accessed a computer without authorization" requires a clear intent by a person to enter, without proper authorization, computer files or data belonging to another. "Intentional' means more than that one voluntarily engaged in conduct or caused a result. Such conduct or the causing of the result must have been the person's conscious objective.

2) The word "access" or "accessing" in regards to a computer includes the acts of communication with, obtaining information from, or making use of a computer or its services.

3) The phrase "access without authorization" means to access a computer without the approval, permission or sanction of the computer's owner.

4) The phrase "exceeds authorized access" means to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter.

5) A "protected computer" means a computer which is used in interstate or foreign commerce or communications. A computer is used in interstate or foreign commerce if it is involved in business matters or operations with persons or entities in other states or countries. A computer is used in interstate or foreign communications if it is used to communicate with computers in other states or in other countries.

6) The phrase "in furtherance of" means to advance, move forward, promote, or facilitate. The Government must therefore show that the Defendant engaged in the conduct of intentionally accessing a computer without authorization or in excess of authorization to advance, move forward, promote or facilitate a tortious act in violation of state law.

**22.** Intentional infliction of emotional distress is a tortuous act in violation of the laws of the states of Missouri and California. It has the following four elements:
> 1) the defendant must act intentionally or recklessly; 2) the defendant's conduct must be extreme and outrageous; and 3) the conduct must be the cause 4) of severe emotional distress.

While there is no precise definition, the conduct must be so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. The defendant's conduct must be more than malicious and intentional; and liability does not extend to mere insults, indignities, threats, annoyances, or petty oppressions.

Conduct that is not ordinarily extreme and outrageous may become so where the defendant proceeds in the face of knowledge that the victim is peculiarly susceptible to emotional distress because the victim suffers from some physical or mental condition or idiosyncrasy.

**23.** A defendant may be found guilty of violating 18 U.S.C. § 1030(a)(2)(C) and 1030(c)(2)(B)(ii), even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:
> First, the Section 1030 crime was committed by someone;
> Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime; and
> Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime.

**24.** The crime of accessing a protected computer without authorization or in excess of authorization to obtain information, and to do so in furtherance of a tortious act in violation of the laws of any State, includes the lesser crime of accessing a protected computer without authorization or in excess of authorization. If (1) all of you are not

convinced beyond a reasonable doubt that the defendant is guilty of accessing a protected computer without authorization or in excess of authorization to obtain information, and doing so in furtherance of a tortious act in violation of the laws of any State; and (2) all of you are convinced beyond a reasonable doubt that the defendant is guilty of the lesser crime of accessing a protected computer without authorization or in excess of authorization, you may find the defendant guilty of accessing a protected computer without authorization or in excess of authorization.

In order for the defendant to be found guilty of the lesser crime of accessing a protected computer without authorization or in excess of authorization, the Government must prove each of the following elements beyond a reasonable doubt.

First, the Defendant intentionally accessed a computer without authorization or in excess of authorization.

Second, the Defendant's accessing of that computer involved an interstate or foreign communication; and

Third, by accessing the computer without authorization or in excess of authorization, the Defendant obtained information from a protected computer.

## C. CONCLUDING INSTRUCTIONS

**25.** When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**26.** Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

**27.** Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**28.** The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the Government has proved its case against the Defendant beyond a reasonable doubt.

**29.** A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

**30.** If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.