

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. CR 08-582-GW |
|  | ) |  |
| Plaintiff(s), | ) | **PRELIMINARY INSTRUCTIONS** |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| LORI DREW | ) |  |
|  | ) |  |
| Defendant(s). | ) |  |
|  | ) |  |
| _____ | ) |  |

# Preliminary Instructions

### 1.1 DUTY OF JURY

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. These are preliminary instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

### 1.2 THE CHARGES—THE PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States Government against the Defendant, Lori Drew. The Government charges the Defendant with the following four crimes: 1) conspiracy to violate 18 U.S.C. § 1030(a)(2)(C) and § 1030(c)(2)(B)(ii) by intentionally accessing a computer without authorization or in excess of authorization and thereby obtaining information from a protected computer in furtherance of the commission of a tortuous act, and 2) three counts of violating 18 U.S.C. § 1030(a)(2)(C) and § 1030(c)(2)(B)(ii) by contravening the MySpace terms of service and accessing MySpace computer servers to obtain information regarding Megan Meier who was then a 13 year old girl.

The charges against the Defendant are contained in the indictment which was read to you earlier today. The indictment is simply the description of the charges made by the Government against the Defendant; it is not evidence of anything.

The Defendant has pleaded not guilty to the charges and is presumed innocent unless and until proved guilty beyond a reasonable doubt. A defendant has the right to remain silent and never has to prove her innocence or present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of certain of the elements of the crimes which the Government must prove to make its case. These instructions are preliminary and the instructions I will give at the end of the case will control your deliberations.

As stated above, the two basic crimes charged herein are: 1) conspiracy to violate 18 U.S.C. §§ 1030(a)(2)(C) and 1030(c)(2)(B)(ii) and 2) violating, on three occasions, 18 U.S.C. §§ 1030(a)(2)(C) and 1030(c)(2)(B)(ii).

18 U.S.C. §§ 1030(a)(2)(C) and 1030(c)(2)(B)(ii) state that: "Whoever intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains information from any protected computer (if the conduct involved an interstate or foreign communication)" is guilty of a felony if "the offense was committed in furtherance of any criminal or tortuous act in violation of the Constitution or laws of the United States or of any State . . . ." The elements of this crime are:

> First, the Defendant intentionally accessed a computer without authorization or in excess of authorization;

1

Second, the Defendant's access of that computer involved an interstate or foreign communication;

Third, by accessing that computer without authorization or in access of authorization, the Defendant thereby obtained information from a computer used in interstate or foreign commerce or communication; and

Fourth, the offense was committed in furtherance of a tortious act, here the tort of intentional infliction of emotional distress.

The tort of intentional infliction of emotional distress has four elements: 1) the defendant must act intentionally or recklessly; 2) the defendant's conduct must be extreme and outrageous; and 3) the conduct must be the cause 4) of severe emotional distress. While there is no precise definition, the conduct must be so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. The defendant's conduct must be more than malicious and intentional; and liability does not extend to mere insults, indignities, threats, annoyances, or petty oppressions.

The elements of the crime of conspiracy are:

First, there was an agreement between two or more persons to commit at least one crime as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.
For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.
One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as

2

responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The Government is not required to prove that the Defendant personally did one of the overt acts.

### 1.3 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:
(1) the sworn testimony of any witness;
(2) the exhibits which are received into evidence; and
(3) any facts to which all the lawyers stipulate.

### 1.4 WHAT IS NOT EVIDENCE

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:
1. statements and arguments of the attorneys;
2. questions and objections of the attorneys;
3. testimony that I instruct you to disregard; and
4. anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

### 1.5 EVIDENCE FOR LIMITED PURPOSE

Some evidence maybe admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

During this trial, you will hear testimony that Megan Meier committed suicide in the fall of 2006. Lori Drew is *not* charged with causing that suicide and it would be wrong to convict the Defendant simply because of feelings of sympathy towards Megan Meier and her family as a result of the suicide.

Megan Meier's suicide will be the subject of some testimony only because you may determine, but are not required or obligated to determine, that such evidence is relevant to your conclusion as to whether or not the Government has met its burden of proving all of the elements of the crimes with which she is charged beyond a reasonable doubt. You should review this evidence in the same unbiased and impartial way as you would any other testimony offered by either side in this case. Please recall that, at the beginning of this trial, you took an oath to be fair and impartial to both sides in this case. No matter what you may think of such evidence, you must still abide by that oath and comply with your duty to follow the law as I will instruct you. And again, I now

instruct you that the Defendant is presumed innocent of the charges against her and the Government bears the burden of proof on each of the elements of the offenses charged.

### 1.6 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

### 1.7 RULING ON OBJECTIONS

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

### 1.8 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case and any bias or prejudice;
5. whether other evidence contradicted the witness's testimony;
6. the reasonableness of the witness's testimony in light of all the evidence; and
7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

### 1.9 CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

4

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the clerk to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

### 1.10 NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

### 1.11 TAKING NOTES

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the jury room.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

### 1.12 OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.  Also, the Defendant can decide to reserve her opening statement and give it after the Government has presented the evidence in its case.

The Government will then present evidence and counsel for the Defendant may cross-examine. Then, the Defendant may present evidence and counsel for the Government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.