H. Dean Steward SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753

Orin S. Kerr
Dist. of Columbia BN 980287
2000 H. Street NW
Washington, DC 20052
202-994-4775
Fax 202-994-5654
okerr@gwu.edu


Attorneys for Defendant
Lori Drew

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES, | Case No.   CR-08-582-GW |
|---|---|
| Plaintiff, | SUPPLEMENT TO RULE 29 MOTION |
| vs. | |
| LORI DREW,    Defendant. | |

    Comes now defendant, together with counsel, and supplements her previous Rule 29 motions, made orally at the close of the government's case, again at the close of the defense case, and by written motion filed Nov. 23, 2008 [docket entry #96].

Dated: Dec. 15, 2008        s./ H. Dean Steward
                            H. Dean Steward
                            Orin Kerr
                            Counsel for Defendant Drew

- 1 -

## I. INTRODUCTION

On Nov. 20, 2008, at the end of the government's case in chief, counsel moved for dismissal of the charges against the defendant Lori Drew under Rule 29 of the Federal Rules of Criminal Procedure. Counsel moved again under Rule 29 at the close of the defense case, on Nov. 21, 2008. On Nov. 23, 2008, counsel filed a memorandum providing argument for one of the bases of the motion, namely the lack of evidence that any unauthorized access was "intentional." This supplemental memorandum provides argument for a second basis of the Rule 29 motion: That when the statute is construed properly, there is no evidence that any access was unauthorized.

## II. ARGUMENT

The prosecution of Lori Drew has been front-page news in newspapers across the country. It has been a major TV story. It has been covered extensively on the radio. It has been a popular topic of heated debate on the Internet. With the trial now over, and the media hoopla subsided, it is essential to step back and see what this prosecution is and what it is not.

The jury's refusal to convict Lori Drew of any of the government's felony counts has left the court with only a small part of the original prosecution. At this stage, emotional

-2-

distress is no longer part of the case.  If this case was ever about "cyberbullying," the jury's verdict ended that connection: the government simply failed to meet its burden of proof that Drew was guilty of any cyberbullying.  Instead, the jury's verdict has left the Court with only one type of behavior that is allegedly criminal.  That conduct is the violation of MySpace's Terms of Service.

In light of the jury's verdict, it is now time for the court to confront and either approve or reject the government's novel and breathtakingly broad theory of the Computer Fraud and Abuse Act.  The theory of the prosecution is that breach of a contractual restriction on the Internet is a federal crime.  The government's view is that breach of a contract to use a computer makes the computer usage unauthorized: The contract governs rights to use a computer, so breaching the computer makes accessing the computer "without right" and therefore a crime.  The question the Court must confront in this motion to dismiss is whether to endorse or reject the government's novel theory.  *Put simply, the question is this: Is it a federal crime to violate a website Terms of Service?*

The correct answer should be a resounding *no*.

A.  Violations of Contractual Terms Such as Terms of Service Do Not Make Access Unauthorized.

- 3 -

Breaching a contractual term does not make access unauthorized because crimes punishing conduct "without authorization" or "without consent" have a well-established and specific meaning -- a meaning that the government's broad theory simply ignores. When Congress or a state legislature punishes an act when it occurs "without authorization," that act is prohibited only when the person or business that can grant authorization has *actually declined or failed to give permission*.

If a person or business actually *grants* permission for the act, conditioned on some understanding that turns out to be false, then the act is *still authorized* for the purposes of criminal law. See Rollins M. Perkins & Ronald N. Boyce, Criminal Law 1075-84 (3d ed 1982); Theofel v. Farey-Jones, 359 F.3d 1066, 1073 (9th Cir. 2004). As one court summarized, "whenever lack of consent is a necessary element of a crime, the fact that consent is obtained through misrepresentation will not supply the essential element of nonconsent." People v. Cook, 228 Cal.App.2d 716, 719 (1964). In this case, MySpace permitted Ashley Grills to create an account and permitted Grills to access MySpace. By allowing the account and giving its users access to MySpace, MySpace affirmatively authorized the access to its computers. The fact that the account breached a

-4-

contractual restriction does not transform that authorized access into an unauthorized access.

Because computer crimes are new, the cases that best illustrate this principle are found in other areas of criminal law that use the same element of lack of authorization or consent. Perhaps the most analogous cases involve the crime of taking a vehicle of another without the owner's consent. *See, e.g.*, Cal. Vehicle Code § 10851. In particular, consider the cases in which a person uses fraud, misrepresentation, and trickery to persuade a car owner into handing over the keys. The trickster is then charged with taking the automobile of another without the owner's consent. In these cases, the courts have held that the trickster is not liable for taking the car "without consent" as a matter of law. Because the owner handed over the keys, giving the defendant permission to use the car, the use of the car was authorized rather than unauthorized for purposes of criminal law. See, e.g., People v. Cook, 228 Cal App.2d 716 (1964) (Burke, P.J.) (defendant who purchased car by misrepresenting his identity not guilty of auto theft, as taking of car was with consent of seller).

People v. Donell, 32 Cal.App.3d 613 (1973), is particularly relevant to this case. In Donell, the defendant allegedly rented a Hertz rental car using a stolen ID and a stolen Hertz credit card. The rental contract required the person renting

- 5 -

the car to make only truthful representations.  The defendant rented the car in violation of this contractual term, however: While his real name was Jon Donell, the defendant pretended that he was "Ernest Carl Johnson."  At trial, the judge instructed the jury that if the jury believed that the defendant had obtained the car by fraud, then the contract was violated and the taking of the car was without consent.  The Court of Appeal reversed, applying the usual rule that "fraudulently induced consent is consent nonetheless."  Id. at 617.  Although Donell had rented the car in violation of the rental contract, the rental company had in fact consented to him taking the car. The fact that the consent was obtained by fraud did *not* make the taking unauthorized as a matter of law.   Id.

　　The same principle applies to the proper interpretation of statutes prohibiting unauthorized access to a computer, as the Ninth Circuit recognized in Theofel.  Access to a computer is not unauthorized merely because it violates a contract.  To be sure, such access may fraudulently induce the computer owner to grant access, which under contract law would generally void the contract between the computer owner and the computer user.  See, e.g., Extra Equipamentos E Exportacao Ltda. v. Case Corp. 541 F.3d 719, 726 (7th Cir. 2006) (Posner, J.) ("[T]he remedy for fraud in the inducement is to rescind the contract."). Criminal law is different, however.  In criminal law, fraud in the

- 6 -

inducement does *not* make the access unauthorized.  See Rollins M. Perkins & Ronald N. Boyce, Criminal Law 1075-84 (3d ed 1982).

B. The Government Failed to Establish Unauthorized Access in this Case.

Construing the evidence in the government's favor, Lori Drew and Ashley Grills were at most in the same position as Jon Donell.  Like Donell, they obtained property through misrepresentation of identity that breached a contract.  Just as with Donell, their conduct was not without the authorization of the property owner.  MySpace gave Grills access just like Hertz gave Donell access.  The fact that it was not really "Josh Evans" registering the account is no more relevant to authorization than was the fact hat it was not "Ernest Carl Johnson" who rented the car in Donell.  In both cases, the property owner permitted the defendant to control the property: The access was authorized even though it violated a contractual restriction on access.

This important legal principle explains why most Internet users are not criminals for the way they send e-mail and surf the web.  Violating Terms of Service by providing false information to register an account is extremely common online.  Even the founder of MySpace, Tom Anderson, violated that Term of Service with his own MySpace profile: Anderson knowingly and

-7-

intentionally entered in a fake age in his MySpace profile, perhaps to appear younger to the youthful audience of MySpace users.  Jessica Bennett, *Is Age Just A Number?,* Newsweek, November 5, 2007, available at http://www.newsweek.com/id/62330. Anderson's conduct was not criminal for the same reason that Drew's conduct and the similar conduct of millions of Americans is not criminal:  A website Terms of Service can define the contract between owner and user, but it does not define the scope of criminal law.

    The government's case in chief was based on the theory that Drew committed a crime by violating MySpace's Terms of Service. This theory must be rejected as a matter of law.  When it is rejected, it becomes clear that the government did not provide any evidence by which a rational jury could find that Drew committed an unauthorized access into MySpace's computers.

/
/
/
/
/
/
/
/

- 8 -

III. CONCLUSION

For these reasons, and for the reasons explained in counsel's earlier written and oral arguments, the Motion to Dismiss under Rule 29 should be granted.

Dated: Dec. 15, 2008         s./ H. Dean Steward
                             H. Dean Steward
                             Orin Kerr
                             Counsel for Defendant
                             Lori Drew

- 9 -

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

    I am not a party to the above entitled action. I have caused, on Dec. 15, 2008, service of the defendant's:

**SUPPLEMENT TO RULE 29**

On the following parties electronically by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

**AUSA MARK KRAUSE- LA**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on DEC. 15, 2008

<u>H. Dean Steward</u>

H. Dean Steward