H. Dean Steward  SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753

Orin S. Kerr
Dist. of Columbia BN 980287
2000 H. Street NW
Washington, DC 20052
202-994-4775
Fax 202-994-5654
okerr@gwu.edu

Attorneys for Defendant
Lori Drew

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>  Plaintiff,<br><br>  vs.<br><br>LORI DREW<br><br>  Defendant. | Case No.  CR-08-0582-GW<br><br>SECOND SUPPLEMENT TO RULE 29 MOTION IN LIGHT OF NEW CASELAW |

Comes now counsel for defendant Lori Drew, and submits the following supplemental points and authorities, specifically outlining new case law on the issue.

Dated: Feb. 19          s./ H. Dean Steward
                            H. Dean Steward
                            Orin Kerr
                            Counsel for Defendant
                            Lori Drew

- 1 -

I. Introduction

The Court held oral argument on the Defendant's Motion to Dismiss on January 8, 2009. Since that date, three new federal court decisions have been handed down that reject the broad reading that the United States seeks to impose on the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

II. Three New Decisions Have Been Handed Down in the Last Month That Reject the Broad Construction of Unauthorized Access.

The three new cases concern the most common fact pattern in the civil caselaw applying unauthorized access statutes. In these cases, an employee at one company decides to leave; the employee then accesses the company's computers in the course of preparing to leave to join a competitor company; and the employee then uses the employer's confidential information at the new job. As noted in the prior briefing on this issue, courts are deeply divided on whether such facts should lead to civil liability under 18 U.S.C. § 1030. Initially, before 2007, several courts said "yes." Since 2007, however, most courts have said "no."

The argument of the United States in this criminal case relies in significant part on the earlier civil cases saying "yes." Indeed, in its January 5, 2009 Sur-Reply, the United States tried to dismiss the many cases saying "no" as if they were outliers. According to the United States, back on January 5, "that line of cases, which at best must be considered a minority view, is contrary to the plain language of the statute, its legislative

history, and to cases from this district." Government's Sur-Reply at 8 n. 4 (emphasis added).

In light of the Government's position in its Sur-Reply, the Court should be aware of the following three new cases, all handed down just in the last month, further rejecting the broad reading of 18 U.S.C. § 1030.

A) <u>U.S. Bioservices Corp. v. Lugo</u>, No. 08-2342-JWL, – F. Supp.2d –, 2009 WL 151577 (D. Kan. January 21, 2009).

In this case, District Judge Lungstrum dismissed in part Section 1030 claims brought by an employer against a former employee. In rejecting the broad reading of Section 1030, Judge Lungstrum wrote:

> Neither side to the present dispute has acknowledged this clear split in the caselaw or argued why this court should favor one line of cases over the other; instead, each side merely attempts to distinguish factually the "non-controlling" cases cited by the other. Thus, the parties have offered little help in resolving this conflict.
>
> After reviewing the cases, this court finds persuasive the reasoning of the courts in the latter line of cases [adopting the narrower reading of the statute]. Accordingly, the court follows their lead in holding that, under these provisions of the CFAA, access to a protected computer occurs "without authorization" only when initial access is not permitted, and a

- 3 -

    violation for "exceeding authorized access" occurs only when initial access to the computer is permitted but the access of certain information is not permitted

    . . . [T]he legislative history of the statute supports the court's narrow interpretation. The CFAA was intended as a criminal statute focused on "hackers" who trespass into computers, and the statute deals with unauthorized access in committing computer fraud rather than the mere use of a computer.

    . . .

    As the other courts have noted, this interpretation "has the added benefit of comporting with the rule of lenity," which might apply in light of the CFAA's criminal provisions.

Id. at *3-4, *4 n.5 (internal citations omitted).

B)  Lasco Foods, Inc. v. Hall and Shaw Sales, Marketing & Consulting, LLC, NO. 4:08CV01683 JC, 2009 WL 151687 (E.D.Mo. January 22, 2009).

    In this case, District Judge Hamilton granted a motion to dismiss counts brought under both Section 1030 and the analogous Section 2701, the unauthorized access statute found in the Stored Communications Act.  Judge Hamilton adopted the narrow interpretation of unauthorized access statutes found in Sherman & Co. v. Salton Maxim Housewares, Inc., 94 F.Supp.2d 817 (E.D. Mich. 2000).  In Sherman & Co, the court had held that deception alone was not enough to trigger unauthorized access.  To impose liability

- 4 -

under unauthorized access statutes, "the offender must have obtained the access to private files without authorization (e.g., using a computer he was not to use, or obtaining and using someone else's password or code without authorization)." Id. at 821.

Judge Hamilton applied that same principle to the employer's claim that the employee had practiced deception by pretending to have a business reason to access the employer's files. According to Judge Hamilton, this was insufficient to constitute unauthorized access:

> [T]he thrust of Plaintiff's claim is the generalization that Defendants obtained information for improper purposes. See, e.g., Compl., 41 ("while Defendant Hall was still employed by Lasco, he attempted, through deception, to obtain reports from one of Lasco's [b]rokers"). This "deception," as pled, however, is not a [§ 2701] violation. "Where a party consents to another[']s access to its computer network, it cannot claim that such access was unauthorized." Sherman & Co., 94 F.Supp.2d at 821. Lasco afforded Defendants access to its computers, networks and information, which they utilized throughout their employment. Plaintiff has not alleged anything to the contrary.

Id. at *3 (dismissing SCA claim). See also id. at *6 (same result for CFAA claim).

C) Bridal Expo, Inc. v. Van Florestein, NO. CIV.A. 4:08-CV-03777, 2009 WL 255862 (S.D. Tex. February 3, 2009).

In this case, Judge Ellison rejected the broad reading of Section 1030 in the course of denying a preliminary injunction:

> The Court acknowledges that other circuits have approved the use of the CFAA to reach employees who have obtained information in violation of their confidentiality agreements and have extended this reasoning to breaches of the duty of loyalty to employers. The Fifth Circuit has not yet taken a position on the issue, but given the persuasive arguments in Lockheed [v. L-3 Communications Corp., 6:05-cv-1480-ORL-31, 2006 WL 2683058 (M.D. Fla. Aug.1, 2006)], and the rule of lenity, given that the CFAA is also a criminal statute, the Court declines to read the CFAA to equate "authorization" with a duty of loyalty to an employer such that the CFAA is applicable to this case.

Id. at *10.

III. The New Decisions Rejecting the Government's View Reflect the Now-Dominant Interpretation of 18 U.S.C. § 1030.

This criminal prosecution is based entirely on the Government's attempt to take a set of civil cases adopting a broad reading of 18 U.S.C. § 1030 and to apply them jot-for-jot in the context of criminal law. As explained in its briefing, those very broad civil cases cannot be applied in the criminal setting in

- 6 -

light of the three related "fair warning" canons for interpreting criminal statutes: vagueness, the rule of lenity, and overbreadth.

The three cases decided just in the last month showcase the weakness of the Government's approach even as a matter of civil law. The clear trend even in the civil cases is to reject the broad reading of the statute that the Government is urging in this case.[1] See also Condux Intern., Inc. v. Haugum, 2008 WL 5244818 (D. Minn., December 15, 2008) (rejecting broad view of 18 U.S.C. §1030 and embracing narrow view in light of lenity concerns that arise in the interpretation of criminal statutes); Black & Decker, Inc. v. Smith, 568 F.Supp.2d 929 (W.D. Tenn. 2008) (same); Shamrock Foods Co. v. Gast, 535 F.Supp.2d 962 (D. Ariz. 2008) (same); American Family Mut. Ins. Co. v. Rickman, 554 F.Supp.2d 766 (N.D. Ohio 2008) (same).

The reason for the trend is easy to identify. The early civil cases did not appreciate that the CFAA is a criminal statute, so courts adopted very broad contractual interpretations of the statute that created a broad civil cause of action. Eventually, however, courts began to appreciate that they should be interpreting the CFAA in a civil setting so as to match how the statute should be construed in a criminal setting. After courts

---

[1] In contrast, counsel has found only one case decided in the last month adopting the broader view of 18 U.S.C § 1030. See Ervin & Smith Advertising and Public Relations, Inc. v. Ervin, 2009 WL 249998 (D. Neb. Feb. 3, 2009). However, unlike most of the cases on this topic in the last year, that decision does not even acknowledge the deep split in the cases. As a result, it does not justify its approach or confront the contrary argument. See id. at *8.

began to realize this, around 2006,[2] the direction of the caselaw shifted dramatically: The clear trend has become to reject the broad view and embrace a narrower construction.

The United States may wish that the cases rejecting its view are outliers, or as the Government put it last month, "at best a minority view." However, those narrow cases have become the dominant reading of the statute in district courts across the country. The three new cases decided in the last month reinforce the trend. This Court should follow the clearly emerging majority view that the CFAA should be construed narrowly instead of the increasingly rejected view that the statute should be construed broadly.

## IV. Conclusion

For the above reasons, the remaining three misdemeanor counts must be dismissed pursuant to Fed. R. Crim. Pro. 29.

Dated: Feb. 19, 2009            s./ H. Dean Steward

                                H. Dean Steward
                                Orin Kerr
                                Counsel for Defendant Drew

---

[2] The turning point appears to have been the careful and scholarly opinion of Judge Presnell in <u>Lockheed Martin v. Speed</u>, 2006 WL 2683058, 81 U.S.P.Q.2d 1669 (M.D. Fla. 2006).

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

   I am not a party to the above entitled action. I have caused, on Feb. 20, 2009, service of the defendant's:

**Second Supplement to Rule 29**

On the following parties electronically by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

**AUSA Mark Krause- LA**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on Feb. 20, 2009

H. Dean Steward

H. Dean Steward