H. Dean Steward  SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753
deansteward@fea.net

Orin S. Kerr
Dist. of Columbia BN 980287
2000 H. Street NW
Washington, DC 20052
202-994-4775
Fax 202-994-5654
okerr@gwu.edu


Attorneys for Defendant
Lori Drew

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | Case No. CR-08-582-GW |
| Plaintiff, | DEFENDANT'S SENTENCING BRIEF; EXHIBIT |
| vs. | DATE: MAY 18, 2009 |
| LORI DREW, | Time: 9:00 am |
| Defendant. | |

     Comes now defendant, together with counsel, and submits the
following brief regarding sentencing.


Dated: May 3, 2009          s./ H. Dean Steward
                              H. Dean Steward
                              Orin Kerr
                              Counsel for Defendant

- 1 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I. INTRODUCTION

As the Court is aware, there remains a Rule 29 motion for judgment of acquittal on all counts pending. The defense urges the Court to grant the motion for the reasons stated in previous filings, but if the Court does not, the defense submits the following corrections and amplification to the contents of the Pre-Sentence Report [PSR], along with mitigating factors under 18 USC Sec. 3553(a).

The defense represents that counsel and defendant have each read the PSR, and have discussed it. The defense has the following comments/corrections, none of which affects the advisory Guideline Range.

1. Recommendation Letter, 4-30-09, p. 3, third full paragraph- "Drew was aware that the girl had attention-deficit/hyperactivity disorder and issues with depression."

*Response:* Ms. Drew was never told by anyone that M.T.M. had ADD. During one of M.T.M.'s visits to the Drew home, Ms. Drew learned that M.T.M. was taking the same medication as Ms. Drew's son, who has ADD. Ms. Drew therefore assumed M.T.M. had ADD.

Ms. Drew never knew M.T.M. had issues with depression until she learned of it a few days after M.T.M.'s death. Attached hereto as Exhibit "A" is a portion of a transcript of a call that the FBI secretly recorded. In it, Tina Meier called Ms. Drew and attempted to "set up" Ms. Drew. A small portion of this transcript was admitted during trial, but the entire relevant page is critical to the issue. By the statements of both Ms. Meier and Ms. Drew, it is

- 2 -

1  crystal clear that Ms. Drew did not know that M.T.M. was taking
2  medication for depression.
3  2. PSR paragraph 12- "Drew reviewed the account and approved of
4  it." [referring to the Josh Evans MySpace profile].
5  *Response:* This overstates what happened. Grills came up with the
6  idea for the Josh Evans Profile [RT 11-20-08, p.8, partial
7  transcript], and Lori Drew later merely glanced at the first page
8  of the profile that Grills had on the computer screen [RT 11-20-08,
9  p. 10], never saw the entire profile, and did not "approve" it.
10  3. PSR Paragraph 18- "In particular, Drew stated that she, Grills
11  and S.D. instigated and monitored the 'Josh Evans' MySpace account
12  for the sole purpose of communicating with M.T.M. to find out what
13  M.T.M. was saying on line."
14  *Response:* This refers to the police report written by Officer Lutz,
15  who testified at trial.  It remains the defense position that
16  Officer Lutz's account of what was said during the meeting with Ms.
17  Drew was clearly wrong.  Contrary to Officer Lutz's statement, Ms.
18  Drew never said that she "instigated" or "monitored" the MySpace
19  account.  Also, Officer Lutz contended, erroneously, that he took
20  notes during the meeting but then, strangely, contends that he
21  destroyed his notes.  The true conversation of what occurred during
22  that meeting was accurately set out by defense witness
23  Jerry Shreeves at trial.
24  4. PSR Paragraph 26- "Drew...created the fake MySpace identity...".
25  *Response:* Ms. Drew did not "create" and was not involved in
26  "creating" the MySpace account. Instead, the prosecution's witness
27
28

Ms. Grills testified at trial that she (Grills) created the account.

II. 18 USC Sec. 3553(a) FACTORS

The PSR correctly sets out mitigating factors for Ms. Drew present in this matter. Among other points are the following:

● Strong self-employment for nine years prior to November of 2007

● Dedicated mother, wife and daughter with tremendous family support

● No criminal history

In addition, the PSR gives a window into another mitigating factor. Ms. Drew has been widely portrayed as a pariah since the media began their intense coverage of the case. At para. 50-52 of the PSR, details of the harassment and consequences to Ms. Drew and her family are outlined. Ms. Drew also had a brick thrown through her window, along with numerous instances of vandalism on her property. The harassment from neighbors in O'Fallon, Missouri was vicious and non-stop, until the Drews moved from the neighborhood some months back. Ms. Drew received many messages threatening serious harm to her and her immediate family.

III. THE TINA MEIER LETTER TO THE COURT

In response to the letter submitted to this Court by Tina Meier, the defense will file an under-seal supplement. Several inaccuracies are apparent in the Meier letter, and these need to be addressed.

In addition, if this Court declines to grant the Rule 29 motion now pending, the defense will object to Ms. Meier or anyone else from the Meier friends and family speaking at the time of

sentencing. It has long been the defense position that MySpace is the victim of this Computer Fraud and Abuse Act case, and Ms. Meier is not entitled to speak under 18 USC Sec. 3771(a)(4).

In U.S. v. Hunter 548 F.3d 1308, 1314 (10th Cir. 2008), the district court faced a similar situation, but with different facts. Sometime during the summer of 2006, defendant Hunter sold a handgun to a Mr. Talovic, who at the time was seventeen years old. On February 12, 2007, Mr. Talovic entered the Trolley Square Shopping Center in downtown Salt Lake City, armed with the handgun from Mr. Hunter, a shotgun, and ammunition for both. Firing the weapons, he killed one person outside the mall and four more inside the mall. Mr. Talovic's rampage ended when an off-duty police officer shot and killed him. Hunter was charged with two counts of weapons offenses for being a drug abuser in possession of a weapon and selling the gun to Talovic, a minor at the time.

The parents of one of the people killed by Talovic sought to be declared as "victims". The district court found that it was not foreseeable that Talovic, after buying a gun from Hunter, would do what he did.

"Before sentencing, the Antrobuses [parents] sought to exercise their purported rights under the CVRA on the basis that their daughter was a victim of Mr. Hunter's unlawful sale of the firearm. The district court denied their request."

Id.

1   The district court in U.S. v. Sharp 463 F. Supp. 2nd 556 (E.D.

2   Vir. 2006) also spent a great deal of time analyzing who is a

3   victim under the CVRA. After reviewing what little legislative

4   history exists, and canvassing the sparse case law, the court found

5   that one Elizabeth Nowicki was not a victim under the CVRA: "Here,

6   Nowicki is not a 'victim' as that term is used in the CVRA because

7   she is not a person 'directly and proximately harmed' by the

8   federal crime committed by the Defendant. " Id. at p. 567.

9   The federal crimes committed here are misdemeanor violations

10  of 18 USC Sec. 1030, the Computer Fraud and Abuse Act. Under these

11  facts and the logic of both Hunter and Sharp, Ms. Meier and others

12  close to her are not "victims".

13  IV. FINE

14  While the defense agrees with the recommendation of Probation

15  for a probationary sentence, the defense suggests that the

16  recommended $5,000 fine is not in line with Ms. Drew's finances.

17  Ms. Drew was forced, by the circumstances of this case, to close

18  her nine year old business in November of 2007 and so has been

19  without her former business income for the past 18 months.

20  Ms. Drew is a homemaker, supported by the income of her

21  husband. The Drew's are raising two children on Mr. Drew's salary,

22  which does not cover expenses each month. [PSR Para. 63]. As the

23  PSR makes clear, paying the recommended fine would be most

24  difficult.

25  V. CONCLUSION

26  For the above reasons, the defense asks the court to impose

27  the sentence recommended by probation, minus the $5,000 fine. Such

28

1  a sentence is reasonable, considering the sentencing Guidelines,

2  the facts and the law.

3       In addition, if the Court does not grant the defense pending

4  Rule 29 motion, the defense would object to any "victim" other than

5  MySpace representatives addressing the court. 18 USC Sec.

6  3771(a)(4) allows only "victims" to speak, and under these facts

7  and the relevant case law, Tina Meier and her friends and family

8  are not entitled to allocution.

9

10  Dated: May 3, 2009   s./ H. Dean Steward
                          H. Dean Steward
11                        Orin Kerr
12                        Counsel for Defendant
                          Lori Drew
13

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

    I am not a party to the above entitled action. I have caused, on May 3, 2009, service of the defendant's:

**DEFENSE SENTENCING BRIEF**

On the following parties electronically by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

**AUSA MARK KRAUSE- LA**        **BY U. S. MAIL-**

                                        **USPO Kathryn Herrera**
                                        **312 N. Spring St., 8th Floor**
                                        **Los Angeles, CA 90012**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on MAY 3, 2009

H. Dean Steward

H. Dean Steward