H. Dean Steward  SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753
deansteward@fea.net

Orin S. Kerr
Dist. of Columbia BN 980287
2000 H. Street NW
Washington, DC 20052
202-994-4775
Fax 202-994-5654
okerr@gwu.edu

Attorneys for Defendant
Lori Drew

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES, | Case No. CR-08-582-GW |
|---|---|
| Plaintiff, | APPLICATION FOR RELEASE PENDING APPEAL |
| vs. | |
| LORI DREW, | |
| Defendant. | |

    Comes now defendant, together with counsel, and submits the following application for bail pending appeal.


Dated: May 15, 2009         s./ H. Dean Steward
                              H. Dean Steward
                              Orin Kerr
                              Counsel for Defendant

- 1 -

## I. INTRODUCTION

Pending before this Court is a Rule 29 motion to dismiss. The defense continues to urge the Court to grant that motion. In the alternative, the defense has asked this Court to follow the recommendation of Probation (minus the fine), and impose a probationary defense on the defendant. If, however, the court declines to follow either defense recommendation, defendant asks the Court to allow bail during the appeal process, for the reasons set out below. Defendant is currently on a $20,000 signature bond, which is more than sufficient for bail pending appeal. Because Ms. Drew satisfies the requirements of 18 USC Sec. 3143, the Court should permit her to remain on bond pending appeal.

## II. THE STANDARD

Under the Bail Reform Act of 1984, the district court must release a defendant pending appeal if it makes three findings. First, the court must find that the defendant will not flee or pose a danger to the community if the court grants bail. *See* 18 U.S.C. § 3143(b)(1)(A). Second, the court must find that "the appeal is not for the purpose of delay." *Id.* § 3143 (b)(1)(B). Third, the court must find that the appeal "raises a substantial question of law or fact likely in" reversal, a new trial, "a sentence that does not include a term of imprisonment," or "a reduced sentence to a term of imprisonment less than…the expected duration of the appeal process." Id. § 3143 (b)(1)(B); *see, e.g.,* United States v. Handy, 761 F.2d 1279, 1281 (9th Cir. 1985).

III. FLIGHT RISK AND DANGER

The first finding is not in dispute.  Ms. Drew is clearly not likely to flee, nor pose a danger to the community.  She was been on bond uneventfully for more than a year.

To determine whether the defendant poses a flight risk or danger to the community the court must weigh four factors. First, "the nature and circumstances of the offense charged."  *See* 18 U.S.C. § 3142(g)(1).  Second, "the weight of the evidence against the person." *Id.* § 3142 (g)(2).  Third, "the history and characteristics of the person, including – the person's character, family ties, employment, length of residence in the community, criminal history, and record concerning court proceedings." *Id.* § 3142(g)(3)(A).  "Whether at the time of the offense the person was on probation, parole, or on other release." *Id.* § 3142(g)(3)(B). Fourth, the court must look at "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g)(4). Reviewing the Pre-Sentence Report herein, all factors above are favorable to Ms. Drew.

Ms. Drew was convicted of three misdemeanors under the Computer Fraud and Abuse Act. The evidence has shown Ms. Drew is not a danger to the community.  She has been convicted of non-violent misdemeanors: flight and danger to the community are simply not issues.

IV. DELAY

As to the second finding under § 3143(b), there is no dispute that Ms. Drew's appeal is not "for purposes of delay."  Ms. Drew

has maintained her innocence throughout this process, and will present to the Ninth Circuit the significant issues that this Court decided adversely to her during and after trial. She has every intention of proceeding promptly with this appeal.

V. SUBSTANTIAL QUESTION

The following issues are at least "fairly debatable" under the test set out in Handy, supra.

The first issue is whether an intentional violation of Terms of Service violates the Computer Fraud and Abuse Act. As the Court is aware, this case is the very first prosecution ever brought under the Computer Fraud and Abuse Act for Terms of Service violations. It is an aggressive prosecution brought after the U.S. Attorney's Office in Missouri declined prosecution on the ground that no crime had been committed.

This Court has received extensive briefing and oral argument on whether intentional TOS violations are a crime, and it has recognized repeatedly that this presents a novel and very difficult question of law. Further, the existing precedents interpreting the Computer Fraud and Abuse Act are sparse and uncertain. As the government concedes, lower courts are divided in the civil context on how broadly to interpret the statute. The Ninth Circuit has not yet taken a view on the scope of the Act. In light of the aggressive nature of the government's case, and the uncertainty of the law, Ms. Drew's appeal would raise a substantial question of law based on this question alone. This issue in particular is "novel", not decided by controlling precedent, and should entitle

Ms. Drew to bail on appeal. <u>U.S. v. Miller</u> 753 F.2d 19 (3rd Cir. 1985).

The second question the defense expects to raise on appeal is whether there was sufficient evidence that the Terms of Service violations were intentional. As Ms. Drew explained in her Rule 29 motion, there is no evidence that Drew read or was aware of the Terms of Service or that any violations were intentional.

The third question involves the admission of testimony and evidence regarding the death of M.T.M. Again as this Court will recall, the defense objected in limine to the admission of this evidence. This Court surely found this to be at least "a close question, one that could be decided either way". <u>U.S. v. Giancola</u> 754 F.2d 898 (11th Cir. 1985).  This Court's tentative thoughts on November 10, 2008 were to exclude the evidence, and then finally deciding on November 14, 2008 to allow it.

Additional issues may include the First Amendment issue raised by the amicus in their brief dated August 11, 2008, together with the issue of dismissal of the  indictment for failure to state an offense and vagueness, the objected-to overbreadth of the indictment, and the
improper delegation of authority, also raised by pre-trial motion.


VI. MISDEMEANOR MATTER

While all criminal cases in the federal system are serious, the three counts involved here are all misdemeanors. These convictions do not carry the weight, stigma and penalties of felony convictions. Committing an individual to federal prison while

awaiting rulings from the Circuit on important legal questions on misdemeanors would be unfair and unreasonable.

VII. CONCLUSION

    For the reasons set out above, the defense asks to Court to allow Ms. Drew to remain on bond, if the Court should deny the Rule 29 and disagree with the recommendation from Probation.

Dated: May 15, 2009        <u>s./ H. Dean Steward</u>
                                 H. Dean Steward
                                 Orin Kerr
                                 Counsel for Defendant
                                 Lori Drew

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

    I am not a party to the above entitled action. I have caused, on MAY 15, 2009, service of the defendant's:

**APPLICATION FOR BAIL PENDING APPEAL**

On the following parties electronically by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

**AUSA MARK KRAUSE- LA**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on MAY 15, 2009

<u>H. Dean Steward</u>

H. Dean Steward